Downs *v.* Sooy.

SAMUEL S. DOWNS

*v.*

JOSEPHUS SOOY, JR., and others.

28 | 55
54 | 330

1. Presumptions do not always proceed on the belief that the thing presumed has actually taken place.

2. A mortgagor who comes into equity for relief against a mortgage on which no payment nor claim of any kind has been made, nor any proceedings taken, for thirty years, is entitled to the benefit of the presumption of payment.

Bill for reconveyance of mortgaged premises. On final hearing on pleadings and proofs.

*Mr. A. Flanders,* for complainant.

*Mr. J. Gaskill,* for defendant, Josephus Sooy, Jr.

THE CHANCELLOR.

The complainant, in 1843, was indebted to the firm of John D. Cocks & Co., in the sum of $345.59, and, being financially embarrassed, he applied to the defendant, Josephus Sooy, Jr., his brother-in-law, for aid, and requested him to pay that debt for him, offering, if he would assume the payment of it, to transfer to him, as security, certain promissory notes and book accounts belonging to the complainant, and to convey to him, by way of mortgage, as additional security, certain land owned by the complainant in the county of Burlington.

Mr. Sooy, in accordance with the request, agreed to assume the payment of the debt, and the complainant then assigned to him the notes and book accounts, and conveyed the land to him by deed dated October 2d, 1843. Cotemporaneously with the delivery of the deed to him, Mr. Sooy executed and delivered to the complainant a defeasance, under his hand and seal, in which it was recited that he had

assumed to pay the debt to John D. Cocks & Co.; that the complainant had transferred to him notes of hand and book accounts to the amount of the debt, and had conveyed to him five tracts of land, valued in the conveyance at $300, " as collateral security to make up the deficiency in case of loss on the book accounts and notes of hand," and Sooy thereby thereupon declared that he was bound, after realizing the amount of the debt, with interest and reasonable expenses, to " refund and reconvey the overplus, and what remained of the premises," to the complainant, his heirs or assigns. Sooy paid the debt, and after (as he says in his answer) in vain endeavoring to collect the money from the notes and book accounts, returned the book accounts to the complainant. He says, in his answer, that he never collected a dollar from the notes, and that all he collected from the book accounts was less than $50. He never had possession of the land, but the complainant has retained possession of it ever since the conveyance, exercising acts of complete ownership over it in all respects. In December, 1875, the defendant, Nicholas Sooy, who is a brother of Josephus, recovered a judgment by confession against the latter in the supreme court of this state for $507.28, or thereabout, and caused the execution, which was issued thereon, to be levied upon the land conveyed by the complainant to Josephus, and was proceeding to cause it to be sold for the satisfaction of the judgment when this suit was commenced.

The bill prays an injunction. It prays, also, an account from Josephus Sooy, Jr., of the moneys collected by him from the notes and book accounts, and of the moneys paid by him for the complainant, and that he may be decreed to pay the overplus, if any, and convey the land to the complainant, who tenders himself ready to pay any sum which, on the accounting, may appear to be due from him, and prays that he may be permitted to redeem the property by such payment, if necessary.

Josephus Sooy, Jr., has answered.  He admits the truth of the allegations of the bill in reference to the transaction in question, except the statement that he received out of the notes and book accounts the amount due him in consideration of his payment of the debt of John D. Cocks & Co.  It appears from the complainant's testimony, that the books of account were returned to him in two or three years after the assignment thereof to Sooy.  The evidence, as to whether Sooy did or did not obtain re-imbursement out of the notes and book accounts, is extremely unsatisfactory.  Sooy, on the one hand, swears, in his answer, that he did not, but he does not appear to have returned any of the notes to the complainant, and though he says he brought suit against some of the persons against whom the book accounts stood, and failed to collect the money, he does not state who the persons were whom he sued, nor what he collected, except, as he says, he did not receive as much as $50 from them.  His account is not satisfactory, and, on the other hand, the complainant's testimony throws but little light on the subject.  Thirty-three years have elapsed since the transaction, and neither of the parties to it appears to have anything more than his memory to rely upon as to the re-imbursement of Sooy for the money paid to John D. Cocks & Co.

If the complainant is right, he owes Sooy nothing.  If the latter is right, he owes him about $360, with the interest upon it for thirty years.  And, though at the time of the transaction the parties were brothers-in-law (Downs having married the sister of Sooy), yet, for about twenty-six years of the time, there has been no family consideration to prevent Sooy from claiming his money from the complainant, for the latter's wife, above referred to, died in 1850.  There is no evidence whatever of any claim on the part of Sooy upon the complainant for, or in respect to, the money paid to John D. Cocks & Co.  Nor is there any evidence that any reason or consideration whatever restrained him from demanding the money in question.  For thirty-three

years the complainant has, as before stated, been in posses-
sion of the property, and in all things dealt with it as his
own, and asserted his title to it.   In 1870, or 1871, he con-
veyed away part of it, and when the purchasers, having
learned that Sooy claimed title to the property, requested
him to release the land to them, Sooy readily did so, and
without consideration.   Though he says, in his answer, that
he released at the request of the complainant, yet the proof
shows that such was not the fact, but, on the contrary, the
application to Sooy for the release was against the com-
plainant's positive and indignant protest.

It appears in evidence that, from five to ten years ago,
the complainant requested Sooy to reconvey the land, and
that he has in vain requested Sooy to settle with him, the
complainant alleging that Sooy has, since 1848, owed him
a large sum of money for the price of land sold under an
execution in the complainant's favor, issued out of the cir-
cuit court of the United States for the district of New
Jersey, and purchased by Sooy, and conveyed to him by
the marshal, and for the purchase money whereof he has
never accounted to the complainant, although he ought to
have accounted, and agreed to account to him therefor.
Josephus Sooy, Jr., has neither been sworn himself, nor has
he offered any testimony in the cause.   Under the circum-
stances, the complainant should have the benefit of the pre-
sumption of payment.   " Presumptions," said Sir William
Grant, in *Hillary* v. *Waller*, 12 *Ves.* 239, 252, " do not
always proceed on a belief that the thing presumed has
actually taken place."   The presumption of payment, in
case of a mortgage on which nothing has been paid for
twenty years, and there has been no foreclosure, and the
mortgagee has had no possession of the mortgaged premises,
arises from the policy of the law.   Were the complainant
before the court in a suit brought against him to foreclose
this mortgage, the presumption of payment would be his
protection against the stale and doubtful claim.   It is diffi-
cult to find any reason for denying him the full benefit of

it, when he is constrained for his protection to appeal to this court against the wrongful act of the judgment creditor of the mortgagee, who, with full knowledge of the fact that the deed to the latter is merely a mortgage, is about to proceed to sell the mortgaged premises as the property of the mortgagee.

The complainant is entitled to a reconveyance, and consequently to a perpetual injunction against the judgment creditor.