LYDIA Y. AYRES

*v.*

JOHN H. AYRES, administrator of John Ayres, deceased.

[Decided March 17th, 1905.]

Complainant's husband executed a note to her dated May 1st, 1880, payable ten days after date. The husband, by promising the complainant that if he outlived her he would pay her sister, had acknowledged the debt on several occasions, the last time being a few months prior to his death, in October, 1903.—*Held*, in an action against the husband's administrators on the note, that such facts rebutted the presumption of payment from lapse of time.

On bill. On final hearing.

*Mr. Linton Satterthwait,* for the complainant.

*Mr. Hervey C. Scudder* and *Mr. Edwin Robert Walker,* for the defendant.

BERGEN, V. C.

The complainant, as the widow of John Ayres, seeks to enforce the payment of a debt which she claims to be due her from the estate of her deceased husband. The evidence which

she offers is a promissory note drawn in due form, made by her husband, payable to her order ten days after its date, May 1st, 1880, and also the testimony of a witness establishing to my satisfaction the admission of the husband that he was indebted to his wife. The acknowledgment of the debt was made on several occasions, the last time being a few months prior to his death in October, 1903. All of these admissions, as I recall, were promises made by the husband to the wife that if he should outlive her he would pay to her sister Susanna the money which he owed her, and is only competent as evidence of the fact that the husband was indebted to the wife. At the date of the death of the husband this promissory note, with other papers belonging to the wife, were found in a desk of the husband, one of the drawers of which was used by complainant as a depository for her securities. In making an inventory of the estate the appraisers found in this drawer an envelope containing papers belonging to the wife, which were handed to her sister, to be delivered to the complainant. Among the papers handed over was the note in question, but the witnesses do not agree about the place where it was found, one of them testifying that it was not in the envelope, but among the receipts and vouchers of the deceased, and others testified that it was in the envelope with the other papers of the wife. The fact that it was delivered to the complainant, is now in her possession and produced at the hearing, convinces me that the weight of the evidence sustains the complainant's contention, for it is hardly to be believed that the administrator would, as he testified he did, turn over to the complainant an obligation of his intestate which bore no evidence of its satisfaction by way of cancellation or mutilation, if it had been found among the evidences of the discharged debts of the deceased. The note is the written admission of the husband that on May 1st, 1880, he had in his hands $200 of the property of his wife, and of his promise to return it to her. The defendant has not undertaken to assail the *bona fides* of the original transaction, nor to interpose as a bar the statute of limitations, but insists that as more than twenty years have elapsed since the making of the note without acknowledgment, by payment on account

of interest or principal, a conclusive presumption arises which a court of equity should recognize, that the debt has been discharged notwithstanding the parties are husband and wife, between whom the statutory bar would not be effective. *Alpaugh* v. *Wilson, 52 N. J. Eq.* (*7 Dick.*) *424.* That a presumption of the payment of a debt arises where more than twenty years have elapsed since its accrual is well settled, but it is equally true that this presumption may be rebutted by an explanation of the delay, or the production of proof sufficient to satisfy the court that the debt remains unpaid, and it "does not act like a statutory limitation, but as a rule of evidence as well as a rule of public policy." *Magee* v. *Bradley, 54 N. J. Eq.* (*9 Dick.*) *326.* If an equitable right is being enforced, a right not cognizable at law, a court of equity will apply the doctrine of neglect and lapse of time according to discretion regulated by precedents and the peculiar circumstances connected with the case. *Colton* v. *Depew, 60 N. J. Eq.* (*15 Dick.*) *454, 459.*

The parties to the transaction we are considering were husband and wife between whom a confidential relation does and of right should exist, of such a character as to induce a court of equity to consider transactions of this nature between them almost in the light of a trust, and while cases will undoubtedly arise in which the circumstances will justify a court of conscience in applying the presumption, the court, owing to the close relationship of such parties, should protect the trust and confidence which a faithful wife ever reposes in her husband, and give due weight to every fact and circumstance, however small or unimportant, which tends to support a rebuttal of the presumption.

One ground for a presumption of payment growing out of lapse of time is that a man is always ready to enjoy what is his own. Whatever will repel this will take away the presumption of payment, and for this purpose it has been held sufficient that the party was a near relation. *Wanmaker* v. *Van Buskirk, 1 N. J. Eq.* (*Sax.*) *685, 694.* The ground stated by Chancellor Vroom, just cited, cannot in justice be applied to a wife, for however ready she may be to enjoy what is her own, or to reclaim it from her husband, she is ever subject to his counsel and

advice, and his refusal to pay must be submitted to by her, if domestic peace and happiness are to be preserved. That at the time this husband took the complainant's money he agreed to return it is manifested by his written promise; to require the wife to enforce her right by legal proceedings against her husband in order to prevent the conclusive presumption of payment contended for here, will introduce a doctrine tending to provoke litigation between husband and wife, while the settled policy of the law is in favor of its prevention. The presumption was held to be overcome in *Wanmaker* v. *Van Buskirk, supra,* by the relationship of the parties and the fact that to have exacted payment would have brought distress upon a daughter and grandchildren who remained in possession of and depended on the mortgaged premises for support, and the harshness of such a proceeding was held to make the indulgence and the delay resulting therefrom reasonable. If the relationship and conditions existing in the case last cited were sufficient to sustain a rebuttal of the presumption, then I have no doubt that the confidential relation present here, combined with the husband's acknowledgment of his indebtedness, and his permitting the evidence of his debt to remain in existence, when, to say the least, its possession was accessible to him, and its surrender to him upon demand if discharged fairly presumable, overcomes the presumption of payment.

The admission of the husband would not be competent to remove the bar of the statute of limitation, but we are not now considering the effect of the statute, nor controlled by its limitations as to evidence, and the husband's statements were not received for the purpose of creating a new debt by way of acknowledgment, nor to remove the bar of the statute, but simply to aid us in ascertaining whether the presumed payment arising from lapse of time did, in fact, exist.

My conclusion is that, under the facts disclosed in this case, the complainant is entitled to have refunded from her husband's estate the principal and interest due on the note presented, and I will so advise.