### EPHRAIM et ux. v. NEVADA & CALIFORNIA LAND & LIVE STOCK CO. et al.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3768.

**1. Judgment ⬤⟿682(1)—Adjudication as to validity of deed of trust in owner's action to enjoin sale thereunder held conclusive in subsequent action by owner's grantees.**

A judgment adjudicating an instrument to be a deed of trust under which the trustee had the power to sell the property described, rendered in an action by the owner to enjoin the trustee from selling the property, *held* to estop the owner's grantees, to whom the property was subsequently conveyed, from asserting that the instrument was not a valid deed of trust in grantees' action to quiet title against the trustee's sale purchaser.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Judgment** ⬳654—**Dismissal of suit to foreclose instrument as mortgage, on adjudication in other suit that instrument was a trust deed in other action, not res judicata as to character of instrument.**

Where owner brought action to enjoin sale of property by trustee under a deed of trust, and the trustee pending such action brought a suit to foreclose the instrument as a mortgage, the dismissal of such suit by the trustee after the court had in the first action adjudicated the instrument to be a valid deed of trust under which the trustee had a right to sell the property, was not res judicata as to the character of the instrument in a subsequent action against the purchasers at the trustee's sale.

3. **Limitation of actions** ⬳165—**Cloud of trust deed and sale thereunder not removed, without tender of debt secured by trust deed, whether barred or not.**

Bill to quiet title against purchasers at trustee's sale under deed of trust, brought by grantees of the owner who executed the deed of trust, without a tender by the grantees of payment of the obligation which the grantor assumed in executing the trust deed, will be dismissed, regardless of whether the statute of limitations has run against the debt.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Frank H. Rudkin, Judge.

Suit by W. K. Ephraim and wife against the Nevada & California Land & Live Stock Company and others. Decree of dismissal, and plaintiffs appeal. Affirmed.

The appellants brought in the court below a suit to quiet title. The appellees denied the appellants' title, and claimed to have acquired title to the property upon a sale thereof under the terms of a trust deed. Both parties claimed from a common grantor, Madeline Meadows Land & Irrigation Company. In 1910 that corporation executed to the Mercantile Trust Company of San Francisco, as trustee, a trust deed conveying the property to secure promissory notes in the sum of $250,000, and giving the trustee power to sell upon default in payment of the notes. When the notes were overdue and unpaid the trustee gave notice of the default as provided in the trust deed. Thereupon the Madeline Meadows Land & Irrigation Company brought an action to enjoin the trustee from selling the property. In that action it was finally adjudged that the trustee had the power to sell the property under the provisions of the trust deed. Accordingly the trustee published notice of sale, and served notice upon the Land & Irrigation Company, and in September, 1917, it sold the property at public sale to the highest bidder for $85,000, and executed a conveyance to the purchaser. In January, 1918, the Land & Irrigation Company, disregarding the sale under the trust deed, executed a conveyance of the property to the appellants for a cash consideration of $250. On the trial in the court below the appellants challenged the validity of the foreclosure sale and the appellees' title derived therefrom. Upon final hearing the bill was dismissed, upon the ground, among others, that the remedy of the appellants, if any they had, was by a bill to redeem, and not by a bill to quiet title.

W. T. Plunkett, of San Francisco, Cal., for appellants.

Arthur W. Bolton, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is contended that the trust deed is void, for the reason that it is an attempt by a single instrument to create both a mortgage and a deed of trust and to operate as either at the election of the grantee. That question is not open to discussion in the present controversy. That the instrument is a trust deed has been determined by the decree of a

competent court in the cause to which the appellants' predecessor in interest was a party. It was subsequent to that decree that the appellants took their deed, and they are estopped by the judgment in that suit.

[2] Nor does the fact that, after the commencement of the action to enjoin proceedings under the trust deed, the trustee brought a suit to foreclose the instrument as a mortgage, in any way affect the merits of the present case. Having obtained in the injunction suit a judgment defining the instrument as a trust deed, the trustee very properly dismissed the foreclosure suit. The judgment of dismissal is in no sense res judicata of any question involved herein.

The appellants contend that of the land involved in the present suit certain described tracts, amounting in all to 1,700 acres, were not included in the lands described in the trust deed, and that therefore the appellants took title to those parcels unaffected by the provisions of the trust deed. But the trust deed contained provisions expressly designed to cover all other property of whatever kind and character then owned by the grantor, and all property of every kind and character thereafter to be acquired by the grantor during the existence of the trust. Those provisions are sufficiently inclusive to embrace all of the said 1,700 acres.

[3] There can be no doubt that the court below properly dismissed the complaint for want of equity. The appellants, without tendering payment of the obligation which their grantor assumed in executing the trust deed, or offering to pay the same, are asking a court of equity to remove the cloud of the trust deed and the sale thereunder, and to quiet their title to property for which they paid a grossly inadequate consideration. It is fundamental that in such a case the complainant must offer to do that which is equitable. The offer is obligatory, notwithstanding that the statute of limitations may have run against the debt. Upon these principles the authorities are in accord. 5 R. C. L. 664. We had occasion to apply them in Power & Irrigation Co. v. Capay Ditch Co., 226 Fed. 634, 141 C. C. A. 390. In California they have been settled by numerous decisions. Raynor v. Drew, 72 Cal. 308, 13 Pac. 866; Baker v. Firemen's Fund Ins. Co., 79 Cal 34, 21 Pac. 357; Hall v. Arnott, 80 Cal. 348, 22 Pac. 200; Burns v. Hiatt, 149 Cal. 617, 87 Pac. 196, 117 Am. St. Rep. 157.

The decree is affirmed.