ELMER W. LANG and MARJORIE A. LANG, his wife, appellants,

*v.*

NORTH JERSEY AGENCY, INC., a corporation of the State of New Jersey, respondent.

[Argued May term, 1945. Decided September 27th, 1945.]

*Mr. John O. McGuire, Mr. Thomas E. Duffy* and *Mr. Aubrey J. Elias,* for the appellants.

*Messrs. Reed, Reynolds & Smith (Mr. Hugh B. Reed),* for the respondent.

The opinion of the court was delivered by

BODINE, J.

The appeal is from a decree in Chancery.

The complainant Elmer W. Lang owned a house in the City of Passaic and gave a bond and mortgage thereon to the Security Mortgage and Title Insurance Company. By assignments, it became the property of the Slovak Catholic Sokol. Thereafter, the complainants contracted to sell their house to the defendant and purchased one owned by it. The agreement fixed the value of complainants' property at $7,500 and the defendant's at $17,500. A closing statement prepared by the defendant showed a credit for the amount of the mortgage on the purchase price.

Thereafter, Slovak Catholic Sokol foreclosed the mortgage and brought suit against Lang for the deficiency, obtaining a judgment for $7,796.68.

Complainants, contending that the defendant was the primary obligor, applied to it for the payment of the judgment, and upon its refusal to do so brought the present suit for that amount. Thereafter, and before final hearing, complainants paid to Slovak Catholic Sokol $2,500 in settlement of the judgment.

The Court of Chancery denied the relief sought.

Even though there is no express assertion of assumption of the mortgage in the deed there may be, in equity, an implied assumption. This assumption is implied where the purchaser deducts from the purchase price the amount of the mortgage or the amount of the mortgage is credited against the purchase price. *Tichenor* v. *Dodd, 4 N. J. Eq. 454; Herd* v. *Vreeland, 30 N. J. Eq. 591; Friedman* v. *Zuckerman, 104 N. J. Eq. 322; Reeves* v. *Cordes, 108 N. J. Eq. 469; Fidelity Realty Co.* v. *Fidelity Corporation of New Jersey, 113 N. J. Eq. 356; Fiedler Corp.* v. *Peak Realty Co., 114 N. J. Eq. 535; Max* v. *Beckelman, 115 N. J. Eq. 118; Reinfeld* v. *Fidelity Union Trust Co., 123 N. J. Eq. 428; Meyers* v. *Siracusa, 125 N. J. Eq. 183; Thayer* ads. *Torrey, 37 N. J. Law 339.*

It is perfectly clear that the amount of the mortgage upon complainants' property was deducted when the sale was made. The complainants were entitled, in equity, to the amount they were obliged to pay to secure the covenant not to be sued.

The decree appealed from will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, WELLS, DILL, FREUND, JJ. 11.