8 N.J. Super. 552 (1950)
73 A.2d 755
ROSE HOLLINGS, PLAINTIFF,
v.
JOHN HOLLINGS, INDIVIDUALLY AND AS EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF ANNA R. HOLLINGS, DECEASED, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 5, 1950.
*553 Mr. Joseph M. Rotolo for the plaintiff.
Mr. Henry J. Camby for the defendant.
STANTON, J.S.C.
This is an action to quiet title under the provisions of R.S. 2:76-2. The following facts appear from the admissions of the parties and the undisputed testimony: on July 1, 1920, George Fennekohl and his wife gave *554 their bond and mortgage for $6,000, payable on July 1, 1925, to Anna R. Hollings, wife of defendant; the consideration therefor moved from defendant; on December 29, 1920, the Fennekohls conveyed the mortgaged premises to plaintiff and her husband, George Hollings, who was the son of defendant; the conveyance was made subject to the said mortgage and the grantees received credit on the purchase price for the amount of it; George Hollings died on August 3, 1925, and Anna R. Hollings in June, 1941; in the latter's will, defendant was named executor and sole beneficiary and on May 17, 1949, he assigned the bond and mortgage to himself; no payment of principal or interest was ever made by plaintiff or her husband and no demand for payment was ever made on either of them by defendant or his late wife; plaintiff has, since the conveyance to her, been in peaceable possession of the premises and no action is pending to enforce or test the validity of her title, or of any adverse claim of ownership thereof or of any encumbrances thereon. Defendant, as executor under the last will of his late wife, has disclaimed any interest in the premises. The issues will be discussed in the order in which they are set forth in the pretrial order.
The forbearance exhibited here is unexplained. Plaintiff sought to testify to transactions with and statements by her deceased mother-in-law but she was restrained by the provisions of R.S. 2:97-2.
Whether the late Mrs. Hollings was the owner of the bond and mortgage or the mere holder thereof as trustee for defendant need not be decided; it is immaterial in the light of my conclusion with respect to the testimony of John H. Mingst. He related a remark made by the late Mrs. Hollings in the course of a pinochle game twelve years ago to the effect that she cancelled the mortgage on plaintiff's house. This is the only evidence relating to this aspect of the case. In itself it is not at all persuasive or convincing. And against it are the facts that the bond was never surrendered to plaintiff and that the mortgage was never receipted or cancelled or delivered to her.
*555 There was no express assumption of payment of the mortgage debt by plaintiff or her late husband. But when they purchased the premises subject to the lien of the mortgage and the amount of it was credited against the purchase price, there arose, in equity, an implied assumption of it. Lang v. North Jersey Agency, Inc., 137 N.J. Eq. 191 (E. & A. 1945), and cases there cited; McFarland v. Withers, 122 N.J. Eq. 167 (Ch. 1937).
On the admissions and proofs it would seem that the debt created by the bond and secured by the mortgage is not collectible in foreclosure proceedings and, in the event of a deficiency, in an action on the bond as provided in R.S. 2:65-2. In Blue v. Everett, 56 N.J. Eq. 455 (E. & A. 1897), a suit to foreclose the defendants' equity of redemption in mortgaged premises, wherein the statute of limitations was pleaded as a defense, the court said:
"On the other hand, there are many cases in equity supporting the declaration of Mr. Justice Carpenter, speaking for this court in Conover v. Wright, 2 Halst. Ch. 612: `Whether courts of equity act in obedience or in mere analogy to the statutes of limitations, it has become a settled rule that they will apply them, in similar cases within the sphere of their jurisdiction, equally with courts of law. They have always felt themselves bound by the spirit and meaning of these statutes, and ordinarily act in conformity to them. In cases concurrent with a remedy at law, they always allow them to be pleaded, and a party is not permitted to evade their effect by resorting to another forum.' Similarly, Chancellor Vroom, in Executors of Wanmaker v. Van Buskirk, Sax. 691, said: `The statute of limitations does not apply in terms to courts of equity, but it is well known that they have always felt themselves bound by the principles of the statute, and, except in cases of strict trust and matters purely equitable in their nature, have acted in conformity with them.' See, also, Executors of Conover v. Conover, Sax. 403, 410; Marsh's Executors v. Oliver's Executors, 1 McCart. 259; Cowart v. Perrine, 3 C.E. Gr. 454, 457; Carlisle v. Cooper, 4 C.E. Gr. 256; Ruckman v. Decker, 8 C.E. Gr. 283; Arnett v. Finney, 14 Stew. Eq. 147; Smith's Administrators v. Wood, 15 Stew. Eq. 563; S.C. on appeal, 17 Stew. Eq. 603; Agens v. Agens, 5 Dick. Ch. Rep. 566; Alling v. Alling, 7 Dick. Ch. Rep. 92.
"The principle thus supported should be applied to the case in hand. The claim of the complainant is not, in its nature, equitable at all. It is brought into the court of chancery, not to enforce any *556 equity belonging to him, but that the court may dispose of the equity of the defendant. The complainant's rights, under both his bond and his mortgage, are purely legal in their nature, and as they have been barred, that under the bond by the lapse of sixteen years since the last payment was made and that under the mortgage by the lapse of twenty years since the breach of the condition, they should be denied in equity as well as at law."
The pertinent provisions are now found in R.S. 2:24-5 and R.S. 2:24-12.
As to the final issue, the only evidence in the case is that the bond and mortgage have always been in the exclusive possession of defendant and there is no reason to doubt it.
The ultimate inquiry is whether because of the unenforceability of the mortgage debt, plaintiff is entitled to affirmative relief in this action. In 164 A.L.R. 1383 there is an interesting annotation to Cunningham v. Davidoff, 46 A.2d 633 (Md. Ct. of App. 1946). It should be added that this case was considered again by the same court in 53 A.2d 777. At page 1388 we find this statement:
"The conclusion to be drawn from the cases is that in the application of the equitable doctrine of doing equity as a condition of relief, a mortgagor or other person under moral obligation to pay a debt notwithstanding the bar of its enforcement arising from the statute of limitations or a presumption of its payment may have such a mortgage lien removed as a cloud only upon the condition that he pay the amount which in equity he owes. He cannot merely upon the assertion of the unenforceability of the mortgage debt, and upon that ground alone, secure affirmative relief."
And at page 1393, the following:
"In the application of the general rule that the statute of limitations may not be asserted as a ground for affirmative relief, in conjunction with the equitable maxim that `he who seeks equity must do equity,' the majority of courts, in the absence of a statute declaring a different rule, hold that a court of equity will not, at the suit of a mortgagor or his successor in interest, cancel a real-estate mortgage or other security given for a debt, for the purpose of removing a cloud or quieting title, where the only ground urged for such relief is that the statute of limitations has run against the right to enforce the encumbrance, while the debt secured remains unpaid; in such case equity will require the plaintiff to do equity or offer to do equity by paying or offering to pay the lien."
*557 Plaintiff urges the case of Downs v. Sooy, 28 N.J. Eq. 55 (Ch. 1877), in support of her contention. There affirmative relief was given in a case where presumption of payment of a debt secured by mortgage was indulged. But there were facts and circumstances present in that case which do not make it applicable here. I do not find it cited as authority for the granting of the affirmative relief sought in this action.
The great weight of authority is to the effect that the statute of limitations is available only as a defense and not as a cause of action. It is a bar to the remedy only, and does not extinguish, or even impair, the obligation of the debtor. It is to be used as a shield, not as a sword.
It is concluded that plaintiff, being equitably indebted to defendant, may not have the relief she seeks without first doing equity.