12 N.J. Super. 57 (1951)
78 A.2d 919
ROSE HOLLINGS, PLAINTIFF-APPELLANT,
v.
JOHN HOLLINGS, INDIVIDUALLY AND AS EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF ANNA R. HOLLINGS, DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1951.
Decided February 20, 1951.
*58 Before Judges JACOBS, EASTWOOD and DONGES.
Mr. Joseph M. Rotolo argued the cause for the appellant.
Mr. Henry J. Camby argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment entered in the Chancery Division dismissing the plaintiff's complaint.
On July 1, 1920, the Fennekohls executed to Anna R. Hollings, wife of the defendant John Hollings, their bond and mortgage in the sum of $6,000 payable on July 1, 1925. The defendant paid the consideration for the bond and mortgage, his wife held them for his benefit, and after her death in 1941 naming him as executor and sole beneficiary he assigned the *59 bond and mortgage to himself. On December 29, 1920, the Fennekohls conveyed the mortgaged property to George Hollings and his wife. This conveyance was made subject to the mortgage which was credited against the purchase price and the balance of $4,000 was paid in cash. George Hollings was the son of the defendant and died in 1925; since then his wife, the plaintiff Rose Hollings, has remained in possession of the property. The bond and mortgage have never been paid and no demands for payment were ever made upon the plaintiff or her deceased husband.
In 1949 the plaintiff instituted her action to quiet title which, in effect, sought to remove the outstanding mortgage held by the defendant on the ground that enforcement of the bond and mortgage had been barred by the pertinent statutory limitations. See R.S. 2:24-5; R.S. 2:24-12. In opposition the defendant contended that the plaintiff was morally obligated to pay the mortgage debt which, although it may be unenforceable, was not extinguished, and that she was not entitled to affirmative relief in equity without first doing equity by payment. Sustaining the defendant's position, the Chancery Division dismissed the complaint pursuant to its opinion reported in Hollings v. Hollings, 8 N.J. Super. 552 (1950). The plaintiff duly appealed from the judgment and although objection as to its form is voiced by the defendant he has not taken any appeal. See Liberty Title & Trust Co. v. Plews, 6 N.J. 28, 45 (1950).
In House v. Carr, 185 N.Y. 453, 78 N.E. 171 (1906) Chief Judge Cullen stated it was settled law "that equity will not set aside as a cloud upon title a lien outlawed by the Statute of Limitations." See 2 Pomeroy's Equity Jurisprudence, p. 74 (5th ed. 1941); 164 A.L.R. 1387, 1393. This doctrine has been said to rest upon the view that equity considers that a moral obligation to pay a just debt survives the limitation period; and as recently indicated in Cunningham v. Davidoff, 187 Md. 134, 46 A.2d 633 (1946), c.c. 188 Md. 437, 53 A.2d 777 (1947), it is applicable not only where the mortgagor seeks equity's aid to remove the cloud but also where the relief is sought by a grantee who is under moral *60 obligation to pay the mortgage debt. See Ephraim v. Nevada & California Land & Live Stock Co., 282 Fed. 610, 612 (9th Cir. 1922); cert. denied, 260 U.S. 748, 67 L.Ed. 494 (1923); Chapman v. Hicks, 41 Cal. App. 158, 182 P. 336 (1919); Keller v. Souther, 26 N. Dak. 358, 144 N.W. 671 (1913); Gerken v. Davidson Grocery Co., 50 Idaho 315, 296 P. 192, 193 (1931).
The appellant contends that the foregoing should not be applied to bar the relief she seeks since the conveyance to her contained no assumption of the mortgage. Friedman v. Zuckerman, 104 N.J. Eq. 322 (Ch. 1929). However, the Court of Errors and Appeals has stated that where, as here, the amount of the mortgage was credited against the purchase price there is, in equity, an implied assumption of the mortgage (Lang v. North Jersey Agency, Inc., 137 N.J. Eq. 191, 192 (E. & A. 1945); Max v. Beckelman, 115 N.J. Eq. 118, 121 (E. & A. 1934)), and this is at least sufficient to compel recognition, for present purposes, that the appellant is a grantee under moral obligation to pay the mortgage debt. See Chapman v. Hicks, supra; Gerken v. Davidson Grocery Co., supra. Although the appellant urges that the defendant's conduct in the instant matter created "an independent and superior equity" in her favor, we find no adequate support in the record for this view. It is true that the defendant and his deceased wife forbore from seeking satisfaction of the mortgage over a long period of time. This, however, must be considered in light of their relationship to the plaintiff, the admitted non-payment of the mortgage debt, and the absence of satisfactory evidence suggesting its forgiveness. Ayres v. Ayres, 69 N.J. Eq. 343, 345 (Ch. 1905); affirmed, 69 N.J. Eq. 842 (E. & A. 1906). We consider that the circumstances presented are in no significant sense distinguishable from the customary situation in which courts throughout the country have applied the prevailing rule that a mortgagor or a grantee morally obligated to pay the mortgage debt barred by limitations must do equity by tendering its payment before seeking affirmative equitable relief in an action to quiet title.
The judgment is affirmed.