**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2153-22

VADIM CHEPOVETSKY and
SVETLANA NASHTATIK,

    Plaintiffs-Appellants,

v.

LOUIS CIVELLO, JR.,

    Defendant-Respondent.

_____

> Argued June 5, 2024 – Decided July 3, 2024
>
> Before Judges Firko, Susswein and Vanek.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000008-19.
>
> Kenneth L. Winters argued the cause for appellants (Jardim, Meisner & Susser, PC, attorneys; Kenneth L. Winters, on the briefs).
>
> Jeffrey S. Mandel argued the cause for respondent (Law Offices of Jeffrey S. Mandel LLC, attorneys; Jeffrey S. Mandel, of counsel and on the brief).

PER CURIAM

Plaintiffs Vadim Chepovetsky and Svetlana Nashtatik appeal from a February 21, 2023 Chancery Division order entering final judgment on remand from this court. Based on our careful consideration of the record and applicable law, we affirm substantially for the reasons set forth by Judge Thomas Daniel McCloskey in his cogent twenty-seven-page written decision.

I.

The procedural history and facts of this case were previously detailed in our decision, Chepovetsky v. Civello (Chepovetsky I), 472 N.J. Super. 631 (App. Div. 2022). We incorporate the facts set forth in Chepovetsky I and recount only the salient facts material to our disposition of the limited issues on remand.

In 2007, Artem Boguslavskiy purchased defendant Louis Civello, Jr.'s automobile dealership, Bayview Auto and Truck, Inc. (Bayview). Civello agreed to finance a portion of the purchase price. Boguslavskiy executed a promissory note agreeing to repay Civello $184,000 with interest at 2.5 percent in sixty equal monthly installments followed by a balloon payment due on February 22, 2012. The promissory note was secured by a mortgage on

plaintiffs' residence in Old Bridge (the Mortgage) and Chepovetsky's personal guaranty.[1]

After remitting four monthly payments in 2007, Boguslavskiy defaulted on the note. Civello filed a complaint seeking injunctive relief and damages.[2] In a bankruptcy action, plaintiffs were granted a discharge of their monetary obligations to Civello under the personal guaranty of the promissory note.[3]

On January 10, 2019, plaintiffs filed this action against Civello, seeking to quiet title on the mortgaged property, along with a declaratory judgment barring Civello from pursuing any claims against them under the Mortgage, promissory note and personal guaranty. Plaintiffs alleged a six-year statute of limitations precluded any action on the Mortgage.

---

[1] Boguslavskiy has a familial relationship with Chepovetsky.

[2] "On July 18, 2008, Civello and Bayview filed suit against Boguslavskiy, Chepovetsky and others in the Chancery Division (Docket No. C-0028-08)." That litigation was consolidated with another action pending in the Law Division (Docket No. L-0707-09). As noted in our prior opinion, the outcome of the Law Division action is not clear. Id. at 639.

[3] "In 2011, plaintiffs filed a joint voluntary Chapter 7 bankruptcy in the United States [Bankruptcy Court] for the District of New Jersey (Case No. 11-18319-MBK)." Ibid.

A-2153-22

On April 27, 2019, Civello filed a counterclaim seeking a judgment of foreclosure on the mortgaged property. Plaintiffs answered the counterclaim denying the substantive allegations, but did not assert any affirmative defenses. Plaintiffs' complaint was dismissed with prejudice on January 10, 2020 for failure to provide discovery.

A one-day bench trial on Civello's counterclaim proceeded before the trial court. On June 24, 2021, the trial court entered judgment against Chepovetsky on the personal guaranty, in the amount of $410,800, inclusive of interest, late fees and counsel fees under the note, for the reasons set forth in a written decision. Among other rulings, the trial court concluded that plaintiffs waived any statute of limitations defense to Civello's counterclaim.

On September 3, 2021, the trial court issued an order and accompanying written decision vacating the January 10, 2020 order dismissing the quiet title action, finding plaintiffs were not required to provide discovery due to the automatic bankruptcy stay. The trial court also vacated the June 24, 2021 judgment in favor of Civello and dismissed the counterclaim because it was filed more than six years after the February 22, 2012 maturity date in contravention of the statute of limitations provided in N.J.S.A. 2A:50-56.1.

We granted Civello's motion for leave to appeal the dismissal of his counterclaim.

In deciding defendant's motion for leave to appeal, we ruled in Chepovetsky I that no monetary judgment could be entered against plaintiffs because any obligation under the personal guaranty was discharged in bankruptcy. 472 N.J. Super. at 648-52. However, the bankruptcy discharge did not preclude Civello from seeking to foreclose on the mortgage or obtaining a judgment fixing the amount of the mortgage lien. Id. at 652-53. We vacated the trial court's ruling that Civello's counterclaim for foreclosure on the Mortgage was time-barred by the 2019 amendment to N.J.S.A. 2A:50-56.1. Id. at 653-54.

In so ruling, we recognized the common law limitation for filing a residential foreclosure action was twenty years as of 2007, when plaintiffs executed and defaulted on the Mortgage, as articulated in Security National Partners Ltd. Partnership v. Mahler, 336 N.J. Super. 101, 105-108 (App. Div. 2000). Id. at 654 n.8. We concluded that in 2009 the Legislature enacted N.J.S.A. 2A:50-56.1(a), which in part codified the twenty-year limitation recognized in Security National Partners, as further amended effective April 29, 2019. Ibid.

On remand, we specified that the parties could litigate whether the amended version of N.J.S.A. 2A:50-56.1 was retroactive.[4] Ibid. On February 21, 2023, Judge McCloskey considered the issues on remand and entered a final judgment. The judge framed the remand issues as follows:

> [T]he limited questions before this [c]ourt on remand then become as follows:
>
> 1. Can the 2009 or 2019 amendments to the statute be retroactively applied to a mortgage executed in 2007, with default occurring in 2007, such that an action to foreclose the [M]ortgage was to be filed within:
>
> A. [Six] years of its maturity date under the 2009 version as amended (i.e., with maturity date in the [p]romissory [n]ote expressly stated as February 22, 2012, with a mortgage foreclosure filing required by February 22, 2018, which did not occur by then and has yet to occur, and may be barred), or within [twenty] years from its default in 2007 or 2008, whichever is earliest; or
>
> B. [Six] years of the maturity date of the loan (February 22, 2012) or date of default (May-June 2007) under the 2019 version as amended, whichever is earlier;
>
> —or—

---

[4] We also made other rulings not relevant to this appeal. Chepovetsky I, 472 N.J. Super. at 654-55.

> 2. Does the law prior to the 2009 amendment – i.e., a [twenty]-year limitation period from date of default—apply here since the [M]ortgage was executed in 2007, default occurred in May-June 2007, and thus an as of yet foreclosure filing can still be timely made within the [twenty]-year limitations period?
>
> In this [c]ourt's view, for the reasons that follow, the short answer to No. []1 above is "No[,"] and the short answer to No. []2 above is an emphatic "Yes[."]
>
> [(emphasis omitted).]

On remand, Civello argued the trial court's ruling that plaintiffs waived the statute of limitations defense to the counterclaim remained untouched in Chepovetsky I, and therefore, was the law of the case. Judge McCloskey concluded the law of the case doctrine did not preclude him from addressing the issues on remand since we vacated the prior rulings regarding the statute of limitations and stated "[t]he parties [could] litigate any alleged retroactivity of the amended version of N.J.S.A. 2A:50-56.1." See Chepovetsky I, 472 N.J. Super. at 654 n.8. The judge also determined "whether waiver or estoppel applies to [plaintiffs] is trumped by the [c]ourt's determination that a [twenty]-year limitations period is applicable to [defendant's] right to foreclose the . . . Mortgage and, therefore, immaterial and inconsequential to [the] ultimate

A-2153-22

decision here." See Sec. Nat'l Partners, 336 N.J. Super. at 108. ("The applicable limitations period is twenty years.").

Based on the motion record before him, the judge found the parties intended the twenty-year common law limitation period to apply at the time of the Mortgage execution in 2007 and stated

> Here, the record reveals that the parties entered into [the Mortgage] with the intent to be bound by the [twenty]-year statute of limitations. When [plaintiffs] entered into the mortgage agreement, [they were] represented by counsel, who prepared the [M]ortgage. Chepovetsky signed it when the statute of limitations was [twenty] years, as did his wife. The statute of limitations was [twenty] years at contract formation in 2007, when Boguslavskiy breached the terms of the promissory note in 2007 (making only four monthly payments on the promissory note), which note was secured by the [M]ortgage, and when Civello's right to foreclose vested in 2007. To remove any doubt, the 2007 [M]ortgage states Civello is being given "those rights the law gives lenders who hold mortgages on real property."

The judge also concluded that both the 2009 and 2019 amendments to N.J.S.A. 2A:50-56.1 were not retroactive. The judge entered a corrected judgment which fixed the amount of the mortgage lien, dismissed Civello's monetary claims on the personal guaranty with prejudice, denied plaintiffs' motion for summary judgment, and dismissed plaintiffs' complaint to quiet title with prejudice.

This appeal followed.

## II.

At the outset, we address Civello's contention that we need not substantively rule on the issue at the heart of this appeal—whether Civello's mortgage foreclosure counterclaim was time-barred—since the trial court's undisturbed decision that plaintiffs waived the statute of limitations defense is the law of the case.

We are unpersuaded that the judge erred in deciding the limitations issue on remand. Our remand specifically contemplated further proceedings before the trial court as to whether the 2009 and 2019 amendments to N.J.S.A. 2A:50-56.1 are applicable to this case. Chepovetsky I, 472 N.J. Super. at 654-55, 654 n.8 ("[T]he parties [could] litigate any alleged retroactivity of the amended version of N.J.S.A. 2A:50-56.1."). We further stated

> [T]he bankruptcy discharge did not preclude [defendant] from seeking to foreclose the [M]ortgage or obtaining a judgment fixing the amount of the mortgage lien for purposes of a future mortgage foreclosure action so long as the judgment imposed no personal monetary liability. That said, we express no opinion on whether a future action to foreclose the [M]ortgage would be time-barred by the applicable statute of limitations. We vacate the trial court's ruling that foreclosure is time[-]barred by the current version of N.J.S.A. 2A:50-56.1. That issue shall be

9

addressed by the trial court on remand.

[Id. at 653-54 (footnote omitted).]

Based on our decision in Chepovetsky I, we discern no abuse of discretion in the judge's determination of the applicability of both the 2009 and 2019 amendments to N.J.S.A. 2A:50-56.1.

## III.

We turn to consider plaintiffs' argument that the judge erred in finding the 2009 and 2019 amendments to N.J.S.A. 2A:50-56.1 do not bar defendant's counterclaim seeking foreclosure on the Mortgage.

We begin by acknowledging the limited scope of our review. "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 551 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). However, "[r]eviewing appellate courts should 'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant, and reasonably credible evidence as to offend the interests

of justice.'" Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 483-84 (1974)).

When reviewing a final judgment, we review conclusions of law de novo. Ibid. "'Because statutory interpretation involves the examination of legal issues,' we apply 'a de novo standard of review.'" State v. Patterson, 435 N.J. Super. 498, 515 (App. Div. 2014) (quoting State in the Int. of K.O., 217 N.J. 83, 91 (2014)). When reviewing the facts of a case, we will apply a deferential standard to the findings of the trial court. Balducci v. Cige, 240 N.J. 574, 594 (2020).

The twenty-year common law limitation on filing a residential mortgage foreclosure action is well-settled. Prior to the 2009 enactment of N.J.S.A. 2A:50-56.1, there was no statutorily-defined limitation period for filing a residential foreclosure action. "For many years, New Jersey lacked a statute of limitations for residential foreclosure actions. Instead, for more than a century, our courts applied the time-bar used in adverse possession actions: twenty years." Deutsche Bank Tr. Co. Ams. v. Weiner, 456 N.J. Super. 546, 547 (App. Div. 2018).

"The concept was that a mortgagor . . . who failed to make required payments under the mortgage, was in 'adverse possession' . . . [and] was

denying the mortgagee's claim of ownership and right to possession." See Sec. Nat'l Partners, 336 N.J. Super. at 106. In Security National Partners, we concluded that non-payment of a mortgage was a sufficient triggering event for the twenty-year statute of limitations to begin. Id. at 107-08; see Blue v. Everett, 56 N.J. Eq. 455, 461 (E. & A. 1898); Colton v. Depew, 60 N.J. Eq. 454, 462 (E. & A. 1900); see also Hollings v. Hollings, 8 N.J. Super. 552, 556 (Ch. Div. 1950), aff'd, 12 N.J. 57 (App. Div. 1951).

N.J.S.A. 2A:50-56.1 amended the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68. Assemb. Fin. Insts. & Ins. Comm. Statement to S. 250, at 1 (Oct. 6, 2008). Distilled to its basic tenets, the 2009 statutory amendment provided that a foreclosure action must be commenced by the earliest of: (1) six years from the date of maturity or the date fixed for the last payment; (2) thirty-six years from the date of recording the mortgage, or if not recorded, executing it, if the repayment period is less than thirty years; or (3) twenty years from the date of default by the debtor. N.J.S.A. 2A:50-56.1 (2009).

Plaintiffs argue the legislative history of the 2009 amendment of N.J.S.A. 2A:50-56.1(a) supports retroactive application of the six-year time-bar to the Mortgage, which was defaulted on prior to the statutory amendment

12

but the maturity date occurred after the statute's effective date. We are unpersuaded.

"'To determine the Legislature's intent, [courts] look to the statute's language and give those terms their plain and ordinary meaning,' because 'the best indicator of that intent is the plain language chosen by the Legislature.'" State v. J.V., 242 N.J. 432, 442 (2020) (first quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005); and then quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)). Accordingly, if the language is clear as to the application of the statute, the court need not undertake any further interpretation. In re Expungement Application of D.J.B., 216 N.J. 433, 440 (2014). "An appellate court will refer to extrinsic sources to determine legislative intent '[o]nly if the words of the enactment are shrouded in ambiguity.'" In re Civ. Commitment of W.W., 245 N.J. 438, 449 (2021) (alteration in original) (quoting Zabilowicz v. Kelsey, 200 N.J. 507, 513 (2009)).

"Statutes must also 'be read in their entirety; each part or section should be construed in connection with every other part or section to provide a harmonious whole.'" D.J.B., 216 N.J. at 440 (quoting Burnett v. Cnty. of Bergen, 198 N.J. 408, 421 (2009) (quoting Bedford v. Riello, 195 N.J. 210,

224 (2008))).  "[T]he Legislature is presumed to be aware of judicial construction of its enactments."  DiProspero, 183 N.J. at 494 (quoting N.J. Democratic Party, Inc. v. Samson, 175 N.J. 178, 195 n.6 (2002)).  Accordingly, "a change of language in a statute ordinarily implies a purposeful alteration in [the] substance of the law."  Ibid. (alteration in original) (quoting Nagy v. Ford Motor Co., 6 N.J. 341, 348 (1951)).

Plaintiffs contend the 2009 amendment should not be applied retroactively.  Instead, plaintiffs posit the plain language of the 2009 amendment need only be applied prospectively since the earliest "triggering date" under subsection (a) is the February 22, 2012 maturity date of the Mortgage.  We are unconvinced.  Since the 2007 default on repayment of the note is what initially gave Civello the right to seek foreclosure of the Mortgage under Security National Partners, and that event pre-dated the 2009 amendment, we must determine whether the judge improperly rejected the retroactive application of the statute.

"The courts of this State have long followed a general rule of statutory construction that favors prospective application of statutes."  Gibbons v. Gibbons, 86 N.J. 515, 521 (1981) (footnote omitted).  A two-part test is used to determine whether a statute may be applied retroactively.  In re D.C., 146

A-2153-22

N.J. 31, 50 (1996) (quoting Phillips v. Curiale, 128 N.J. 608, 617 (1992)). Courts look to (1) "whether the Legislature intended to give the statute retroactive application" and (2) "whether retroactive application of that statute will result in either an unconstitutional interference with 'vested rights' or a 'manifest injustice.'" Ibid. (quoting Phillips, 128 N.J. at 617). The Supreme Court has set forth circumstances warranting retroactive application of a statute:

> (1) where the Legislature has declared such an intent, either explicitly or implicitly; (2) where the statute is curative; and (3) where the expectations of the parties warrant retroactive application. However, even if a statute is found to apply retroactively based on those factors, under the second prong of the basic test, retroactive application must not "result in 'manifest injustice' to a party adversely affected by such application."
>
> [Id. at 50-51 (internal citations omitted).]

Courts may infer a prospective intent when the Legislature is silent on an issue because of the "knowledge that courts generally will enforce newly enacted substantive statutes prospectively," absent a clear expression of contrary intent from the Legislature. Ibid. (citing Maeker v. Ross, 219 N.J. 565, 578 (2014)). Without a clear expression of contrary intent, a statute that

relates to substantive rights and changes settled law will be applied prospectively. Ibid. (citing Phillips, 128 N.J. at 617).

A statute can be considered curative when it "amends a previous law which is unclear or which does not effectuate the actual intent of the Legislature in adopting the original act." D.C., 146 N.J. at 51 (quoting Schiavo v. John F. Kennedy Hosp., 258 N.J. Super. 380, 385 (App. Div. 1992), aff'd, 131 N.J. 400 (1993)). "A curative statute may clarify, but may not change, the meaning of existing law." Johnson, 226 N.J. at 388 (citing Schiavo, 258 N.J. Super. at 386-87).

## A.

Judge McCloskey properly concluded the 2009 amendment to N.J.S.A. 2A:50-56.1 was not retroactive. First, the judge found "had the Legislature intended retroactive effect, it would have said so and it did not." There is no express language in the 2009 amendment applying the statute to foreclosure actions predicated on defaults in repayment of pre-enactment mortgages. Under our decisional law, statutes are prospectively applied in the absence of identifiable legislative intent specifying retroactivity. See D.C., 146 N.J. at 50.

16

We discern no error in the judge's conclusion that the Legislature intended prospective application based on review of the legislative history of the 2009 amendment. The judge determined the Assembly Financial Institutions and Insurance Committee report codified a twenty-year statute of limitations on all pre-2009 mortgages, finding "[t]his bill would resolve the uncertainties surrounding this area of law by providing a specific statute limitation of [twenty] years from the date of default of the debtor." The judge recognized the language of the 2009 amendment is written in the present tense and, relying on the committee report, applies only to "mortgages clouding title that were paid or no longer enforceable . . . . This is the Legislature's language. It means that the new law applies prospectively to clear title on mortgages already paid or then-unenforceable; and thus, is not applicable to the instant unpaid, then enforceable 2007 Mortgage."

Based on the legislative history, the 2009 amendment was also not curative, and as a result, should not be given retroactive application. It did not amend an existing statute that was unclear or that did not effectuate the Legislature's intent. Rather, it codified the common law twenty-year limitation recognized in Security National Partners. Because the 2009 amendment was not curative within the meaning of D.C., the general rule of statutory

17

construction that favors prospective application of statutes applies. <u>Gibbons</u>, 86 N.J. at 521.

B.

We decline to disturb the judge's finding that the expectation of the parties was for then-prevailing law to govern their rights. The expectations of the parties were memorialized by the plain language of their contractual agreement, stating as follows:

> The parties' agreement additionally provided that,"[defendant] may exercise any right under this Mortgage or under any law, even if [he] has delayed in exercising that right[.]"  . . . . The Mortgage further states, in the event of default, [defendant] "will have all rights given by law or set forth in this Mortgage" (i.e., the [twenty]-year limitations period).

We discern no error in the judge's conclusion that the twenty-year statute of limitations set forth in <u>Security National Partners</u> governs since the parties intended to retain all rights to remedy the default under then-existing law applicable to the January 23, 2007 Mortgage.

Principles of statutory construction require us to interpret a statute in a manner that will not infringe on a litigant's rights. <u>See</u> <u>State v. Fortin</u>, 198 N.J. 619, 630 (2009) (the court should "avoid interpreting a legislative enactment in a way that would render it unconstitutional.")  To the extent the judge made a

18

factual finding based on the record that the parties intended through their agreed-upon language to apply the twenty-year common law limitations, we decline to disturb the enforcement of bargained-for contractual rights.

Accordingly, we agree with the judge's conclusion that retroactive application of the amendment was neither intended by the Legislature nor warranted under our decisional law. Because the counterclaim is not subject to the statutory limitation in the 2009 amendment, the counterclaim was timely filed on April 26, 2019 as within twenty years of the 2007 default.

C.

Based on the conclusion that the 2009 amendment to N.J.S.A. 2A:50-56.1 is not retroactive, we need not address plaintiffs' argument as to non-applicability of the 2019 statutory amendment. The argument that the 2019 amendment is in any way applicable to the Mortgage is also foreclosed by the plain language stating that it applies to residential mortgages executed on or after the effective date of April 29, 2019.

Plaintiffs' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

19