The bill in this case is by the assignee of a bond and mortgage for $1,400 made by Jared Hughes April 1st, 1884, maturing due April 1st, 1885. Complainant alleges the full principal still due, plus certain arrearages of interest; and *Page 176 
he seeks decree of foreclosure. The defendants are the several descendants and successors in interest (as owners of the mortgaged premises) of the original mortgagor, Jared Hughes, who died intestate in 1891, leaving six children, of whom one was his son, Hiram.
Decree pro confesso was taken against the defendants, except Frank Hughes. The latter filed answer alleging himself the son and heir of Hiram, who died in 1920, — and hence the owner of an undivided share of the mortgaged premises. This answer further alleges that Frank has never been in possession; that neither this defendant Frank, nor his father Hiram, ever made any payments on account of principal or interest on the mortgage debt; and sets up that the cause of action in the bill of complaint did not accrue within twenty years next before the commencement of this suit, and hence that the statute of limitations bars this suit "by the complainant against this defendant."
Complainant filed a special replication alleging that interest payments on the mortgage debt were made by the original mortgagor during his lifetime, and thereafter by the mortgagor's children other than, and not being, Hiram or his son Frank, but for the benefit of all of the owners of the equity of redemption; and that such last mentioned payments have been made within twenty years next preceding the filing of the bill.
The defendant Frank Hughes now moves to strike that special replication as constituting no sufficient reply in law to the answer of the said defendant; on the ground that payments by one or more heirs of the mortgagor, without authority of another heir, will not stop the running of the statute of limitations so far as concerns the interest of the heir who neither makes nor authorizes any such payments.
The right to foreclose a mortgage is not extinguished or barred by the mere running of the statute of limitations barring the right to bring suit on the bond for which the mortgage was given as security. Colton v. Depew, 60 N.J. Eq. 454 (at p. 458).
The right to foreclose such a mortgage is, however, barred by the running of the twenty-year statute of limitations *Page 177 
against the exercise of the mortgagee's right of entry, — unless some intervening or independent equity exists. Blue v.Everett, 56 N.J. Eq. 455.
Payment of interest on the mortgage debt, by the mortgagor or by a grantee of the mortgagor, even though such grantee has not assumed or covenanted to pay the mortgage debt, will prevent the running of the statute and preserve the right to foreclose, if such interest payments have been made within the twenty-year period prior to the commencement of the suit. Colton v. Depew,supra; Rau v. Doremus, 101 N.J. Eq. 809.
Naturally, similar payments of interest within the twenty-year period, by an heir or devisee of the whole of the mortgaged premises from the mortgagor, would preserve to the mortgagee the right to foreclose. The question presented in the instant case is however, —
Where for more than twenty years past the mortgaged tract (or the equity of redemption therein) has been owned by the heirs of the deceased mortgagor, and the only payments made within the twenty-year period have been made by some only of such heirs, will such payments preserve to the mortgagee the right to foreclose against the share or interest of an heir who has not
made (nor authorized) any such payment?
The answering defendant, in contending that this question should be answered in the negative, relies upon the determination of the court of errors and appeals in Disborough v. Heirs ofBidleman, 21 N.J. Law 677, and of the supreme court in Haines,Exr. v. Haines, 69 N.J. Law 39. In the first of those cases, a joint and several bond had been made by two obligors, Hardenburgh and Bidleman. Thereafter Bidleman died. Interest payments were made thereafter by Hardenburgh, some of them being within sixteen years prior to suit. No payments except these had been made on account of the debt within the sixteen-year period. It was held that the liability on the bond had become only several by the death of one of the co-obligors, and that a part payment within the statutory period by one of such parties severally liable would not take the case out of the statute as respects the other parties severally liable, — and that suit was therefore barred *Page 178 
against the parties who had not made any payments within the sixteen-year period.
In the Haines case, the suit was again a suit at law, brought by the holder of a bond against the heirs at law of the deceased obligor. Some of these heirs at law had made payments on account of the obligation within the statutory limitation period; the other defendants had not made any such payments, and pleaded the statute of limitations. It was held that the liability of the heirs was several and not joint (each being liable severally only for the value of what he had received from the ancestor); and that under the determination of Disborough v. Bidleman, therefore, the statute of limitations barred recovery against those heirs who had not made the payments, notwithstanding the payments made by the other heirs within the statutory period.
These two cases however are not analogous to, — and hence not dispositive of, — the suit now sub judice. They are suits at law for the recovery of judgments against the defendants personally, for a personal liability on the part of defendants for the performance of the obligation of a bond. Notwithstanding that the liability of an heir or devisee of a deceased obligor is limited by the statute to the extent of the lands, (or the value thereof) which he has received from the obligor, nevertheless it is a personal liability for the debt due on the obligation (or a portion thereof) and results in a personal judgment. Heirs Devisees act, 2 Comp. Stat. pp. 2739 et seq. In the instant case there is no personal liability on the part of the heir (nor would there be on the part of a devisee or a grantee in the absence of an assumption of payment) for the payment of the mortgage debt; and the suit is not upon the bond, nor upon any personal liability on the part of defendants, nor for any personal judgment against them.
In the instant case the suit is by the holder of the bond and mortgage, as mortgagee, to recover the amount due on the debt secured by both bond and mortgage, out of the mortgaged premises. Under the law in our state relative to debts for which bond and mortgage have been given, it is the lands, the mortgaged premises, which are primarily liable for the *Page 179 
payment of the debt. The land is the principal debtor; the mortgagor is a surety. A subsequent grantee of the mortgaged premises who assumes and agrees to pay the debt becomes a primary surety and the original mortgagor a secondary surety; but in any event it is the land which is the primary debtor. Reeves v.Cordes, 108 N.J. Eq. 469.
The situation is of course the same where the mortgaged premises have passed to heirs or devisees of the mortgagorobligor, instead of to a grantee. Whether or not there be any personal, "surety" liability (under the Heirs and Devisees act) on the part of the heirs and devisees; and whether the lands have passed to a single heir or to and among several heirs (as in the present case), the land still remains the principal debtor. And it is the land as a whole which was made, and which remains, that debtor and which is now "sued" by the mortgagee. The latter has never caused, participated in or agreed to any separation of interests in that land. The liability of the land is a single liability, not a collection of several liabilities such as existed in the Disborough and Haines cases, supra, created by the Heirs and Devisees act. If the several heirs had accomplished an actual partition among themselves, and set off to each of themselves separate ownership and possession of six several portions thereof, how could that impair the mortgagee's rights? No one of such heirs could save his parcel by merely paying his aliquot part of the debt, and prevent the mortgagee from foreclosing against the entire mortgaged tract, if the other heirs defaulted.
In such a case, not only would a default by one subject the entire tract to foreclosure, but conversely a payment in full by one would discharge the entire tract and enure to the benefit of all the other heirs. And where one only of several co-parceners of a mortgaged tract pays the entire interest (or principal) on the mortgage debt he is entitled to proportionate reimbursement or allowance therefor, from the others, on partition of the tract, — irrespective of whether the others have authorized him to make such payment.
It would seem that the non-paying heirs should be similarly all affected by the burdens or detriments of such a payment by one of the heirs, as by the benefits of such a *Page 180 
payment; and that a payment on account of the mortgage debt within the statutory limitation period, by one only of such heirs, whether or not with the knowledge or authority of the others, should be held to stay the operation of the statute and preserve to the mortgagee the right of foreclosure as against the entire mortgaged tract; and that the motion to strike the replication should be denied.
The same result is reached from an entirely different consideration. The court of errors and appeals set forth inColton v. Depew, supra, that the right to foreclosure ceases when, and for the reason that, the mortgagee's legal right of entry has become barred by the statute of limitations in that behalf, i.e., the section barring actions for entry; that the statute does not run in favor of the mortgagor in possession unless that possession be adverse to the title of the mortgagee; that the possession of the mortgaged premises by the mortgagor (or his grantee) paying interest to the mortgagee is not adverse.
In the instant case the mortgaged premises have been in the possession of several of the heirs of the mortgagor for over twenty years last past, and they have made payments within the twenty-year period. The statute has not run in their favor, therefore, since their possession has not been adverse for the necessary period, — Colton v. Depew, supra; (neither have they pleaded the statute). The statute has not run in favor of the answering heir, Frank, because he has had no adverse possession; by his answer he alleges that he has never been in possession.
The motion will be denied. *Page 181