763 A.2d 804

SECURITY NATIONAL PARTNERS LIMITED PARTNERSHIP, PLAINTIFF–RESPONDENT, v. ROBERT MAHLER AND ETHEL MAHLER, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted October 24, 2000—Decided December 27, 2000.

Before Judges SKILLMAN, CONLEY and LESEMANN.

*Brigiani, Cohen & Schneider,* attorneys for appellant (*Elias L. Schneider,* on the brief).

*Baer, Arbeiter, Ploshnick, Tanenbaum & Weiss*, attorneys for respondent (*John F. Kwasnik*, on the brief).

The opinion of the court was delivered by

LESEMANN, J.A.D.

This appeal involves an issue which one would expect to have been resolved decades—or even a century—ago. It concerns the statute of limitations applicable to a mortgage foreclosure and, while this opinion does not offer a vehicle to resolve all unsettled questions concerning that issue, it does provide an opportunity to at least simplify and perhaps provide some additional guidance concerning the applicable law.

The facts are not complicated. On June 22, 1988, defendants Robert and Ethel Mahler executed a note and mortgage for $137,000 to Colonial Savings Bank. The mortgage was a second mortgage and covered the Mahler's home in East Brunswick. It called for monthly payments of principal and interest in the sum of $1,600.42, with the final payment due in fifteen years, on June 22, 2003.

Defendants defaulted by failing to make the payment due on March 22, 1989, and on August 8, 1990, Colonial filed a foreclosure complaint. Defendants answered and thereafter the mortgage was transferred to the Resolution Trust Corporation (RTC). There then followed a series of assignments which ended with the mortgage being held by the present plaintiff, Security National Partners Limited Partnership (Security).

During that series of assignments, the then mortgage holder, G.E. Capital Asset Management Corporation, had its attorneys file a unilateral discontinuance of the pending foreclosure proceeding. Subsequently, on June 26, 1996, Security filed the present foreclosure proceeding. Defendants answered again, but this time plaintiff moved to strike the answer and obtain summary judgment in its favor. On February 10, 1997, the trial court granted that relief.

On this appeal, defendants argue that the unilateral discontinuance of the earlier foreclosure proceeding barred plaintiff from subsequently instituting the current proceeding, and also argue that, since the present proceeding was filed more than six years after defendants' default, it is barred by the statute of limitations. We shall deal first with the discontinuance issue, which we find to have no merit, and then turn to the statute of limitations question which may profit from some discussion.

■ Defendants correctly note that a dismissal of the first proceeding by unilateral stipulation was not authorized under our rules. Defendants had filed an answer to that complaint and thus, under *R.* 4:37–1, the complaint should have been dismissed only by a "stipulation of dismissal . . . signed by all parties who have appeared in the action" or, "by leave of court." Under *R.* 4:37–1(a), a unilateral dismissal by the plaintiff would have been proper only "before service by the adverse party of an answer" or other responsive pleading.

Subsection (a) of *R.* 4:37–1 provides that a dismissal by stipulation shall be "without prejudice" unless "otherwise stated in the notice or stipulation," and subsection (b) contains a similar provision respecting an order of dismissal. Defendants argue, however, that because the stipulation of dismissal here was improperly filed without their consent, it should be treated as being "with prejudice," and as barring any subsequent filing of a new complaint.

Defendants offer no rationale for that conclusion. Simply because the unilateral stipulation was not authorized by the rule, it does not follow—and defendants suggest no reason why it should follow—that such a dismissal should be deemed "with prejudice" and bar any further proceeding. The irregularity caused no prejudice of any kind to defendants. Even when they learned of the dismissal, defendants raised no objection. Indeed, since they have shown no substantive defense to the foreclosure complaint, it is difficult to see any reason why they would have objected to the initial dismissal. If that irregularity prejudiced anyone, it was the

holder of the note and mortgage who have received no payment on defendants' obligation since 1989 and whose remedy was only delayed by the dismissal of the first foreclosure complaint. The argument that the improper procedure employed in dismissing the first foreclosure proceeding should bar the second proceeding, is without merit.

As to the statute of limitations, we note first that a primary reason for the lack of certainty noted above is that this State has never had a statute of limitations expressly referring to mortgage foreclosures. *See* 30 *New Jersey Practice, Law of Mortgages* § 298, at 196 (Roger A. Cunningham & Saul Tischler) (1975) ("New Jersey has no statute of limitations which is expressly made applicable to an action to foreclose ..."). When faced with limitation issues respecting foreclosure proceedings, our courts have perforce analogized to other areas, and uncertainty has been an inevitable by-product. Nevertheless, some well-established principles have been developed.

First, there is the proposition that a foreclosure proceeding is different and distinct from a suit on the underlying note. Plaintiff acknowledges, as it must, that suit on the note is governed by a six-year limitation period which ran from the date of defendants' default, March 22, 1989, and thus expired before the present suit was instituted by the second complaint against defendants on June 28, 1996. *See N.J.S.A.* 12A:3–118(a); *Kaminski v. London Pub, Inc.,* 123 *N.J.Super.* 112, 301 *A.*2d 769 (App.Div. 1973); *Wilson v. Hughes,* 119 *N.J.Eq.* 175, 176, 181 *A.* 649 (Ch.1935).

Second, defendants' claim that the foreclosure suit is governed by that same six-year statute is contrary to long settled case law and has no merit. The basic rule was set out in *Colton v. Depew,* 60 *N.J.Eq.* 454, 46 *A.* 728 (E. & A.1900) where the court noted that even where a mortgagee has "lost his action at law" on the obligor's note or bond, "his remedy under the mortgage still remains." *Id.* at 458, 46 *A.* 728. *See also,* to the same effect, *Blue v. Everett,* 56 *N.J.Eq.* 455, 39 *A.* 765 (E. & A.1898); *Princeton*

*Sav. Bank v. Martin,* 54 *N.J.Eq.* 435, 34 *A.* 1068 (E. & A.1896); *Wagoner v. Watts,* 45 *N.J.L.* 184 (E. & A.1883); *Barned v. Barned,* 21 *N.J.Eq.* 245, 246 (Ch.1870). *See also Hollings v. Hollings,* 8 *N.J.Super.* 552, 73 *A.*2d 755 (Ch.Div.1950), quoting from *Blue v. Everett, supra,* and referring to a twenty year limitation period to foreclose a mortgage and a shorter period (six years for a note and sixteen years for a bond) for a suit on the obligation itself.

That twenty year period was developed by borrowing and applying the twenty-year limitation period in certain adverse possession statutes. The concept was that a mortgagor in possession or control of the mortgaged property, who failed to make required payments under the mortgage, was in "adverse possession" of the property since—by his conduct—he was denying the mortgagee's claim of ownership and right to possession. *See* cases cited *supra,* and the discussion in Cunningham & Tischler, *supra,* § 298, at 196. While that reasoning succeeded in establishing twenty years as the applicable limitation period, it has left some uncertainty as to whether the mere lapse of time, by itself, would bar a foreclosure complaint, or whether something further, by way of "adverse" action by the mortgagor, might be required.

It is for that reason, and to minimize that uncertainty, that the authors of *Law of Mortgages, supra,* expressed the wish that the law be clarified to "eliminate the doctrine of 'adverse possession' from this area of the law and establish the simple rule that the period of limitation runs from the time when the mortgage holder is entitled to exercise his right to foreclose." *Id.* at 201. Since many of the courts which established the "adverse possession" concept as applicable here are courts of last resort in this state, it would not be appropriate for this intermediate appellate tribunal to "eliminate" the doctrine of adverse possession as applicable in this area. However, by a careful reading of the earlier holdings of the Court of Errors and Appeals, and bearing in mind that the formerly separate courts of law and equity have since been merged into one Superior Court, *N.J. Const.* art. VI, § 3, ¶ 4; *see*

*Mayor & Council of Borough of Alpine v. Brewster,* 7 *N.J.* 42, 51, 80 *A.*2d 297 (1951), we can simplify that doctrine and, hopefully, provide some firmer guidance for the future.

Properly read, we are satisfied that *Blue v. Everett, supra,* and *Colton v. Depew, supra,* make clear that a twenty year period of non-payment on a mortgage constitutes a running of the statute of limitation and no additional "adverse" action on the part of the mortgagor is required beyond such non-payment. Thus, in *Blue v. Everett,* the court spoke of the initial development of a so-called "presumption" of non-payment which ultimately evolved into a statute of limitation. It discussed the applicability of statutes of limitation in courts of equity and ultimately concluded that in a foreclosure proceeding, the twenty year period should be enforced as a statute of limitation—not simply as a presumption of payment, a form of laches or some other equitable concept which may or may not be applied depending upon extraneous considerations:

> The principle [of applying statutes of limitations in courts of equity] should be applied to the case in hand. The claim of the complainant is not, in its nature, equitable at all. It is brought into the court of chancery, not to enforce any equity belonging to him, but that the court may dispose of the equity of the defendant. The complainant's rights, under both his bond and his mortgage, are purely legal in their nature, and as they have been barred, that under the bond by the lapse of sixteen years since the last payment was made, and that under the mortgage by the lapse of twenty years since the breach of the condition, they should be denied in equity as well as at law.

[56 *N.J.Eq.* at 461, 39 *A.* 765.]

In *Colton v. Depew, supra,* the court repeated and approved much of the holding of *Blue v. Everett.* However, the court there went further and also made clear that, although adverse possession was an element of the applicable statute of limitation, a simple non-payment under the mortgage was sufficient "adverse" action by the mortgagor to cause the limitation period to run. Only if the mortgagor made one or more payments under the mortgage during that twenty year period, would the running of the limitation period stop. Thus, said the court, the mortgagor's title becomes "adverse" to the mortgagee when "the mortgagor

has ceased to recognize the mortgagee's title by the nonpayment of interest." 60 *N.J.Eq.* at 462, 46 *A.* 728.

Thus, from the foregoing we can distill the following:

1. There is a twenty year limitation period governing institution of a mortgage foreclosure suit.

2. The twenty year limitation is a true statute of limitations and does not depend on presumptions of non-payment, laches, or other equitable concepts.

3. One urging the applicability of the twenty year limitation in a particular case need not show any evidence of "adverse possession" other than the lack of any payments during the twenty years in question.

In the case before us, it is clear that the defense based on the six year statute of limitations must be rejected. The applicable limitation period is twenty years. The time between default and filing of the present complaint is far less than that, and thus there is no basis for dismissal. Accordingly, the trial court correctly granted summary judgment for the plaintiff.

Affirmed.