**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4714-16T3

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE,
IN TRUST FOR THE REGISTERED
HOLDERS OF MORGAN STANLEY ABS
CAPITAL I INC. TRUST 2006-HE6,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-HE6,

    Plaintiff-Respondent,

v.

MICHAEL HOCHMEYER,

    Defendant-Appellant,

and

MRS. HOCHMEYER, wife of MICHAEL
HOCHMEYER, EMMA HOCHMEYER,
WINNE BANTA HETHERINGTON
BASRALIAN & KAHN,

    Defendants.

_____

Submitted June 5, 2018 — Decided June 15, 2018

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey,
Chancery Division, Bergen County, Docket No.
F-007791-16.

Northeast Law Group, LLC, attorneys for appellant Michael Hochmeyer (Adam L. Deutsch, on the briefs).

Fein, Such, Kahn & Shepard, PC, attorneys for respondent (Ashleigh L. Marin and Douglas J. McDonough, on the brief).

PER CURIAM

Defendant Michael Hochmeyer appeals from a June 1, 2017 final judgment of foreclosure. We affirm.

In May 2006, defendant executed a promissory note for $560,000 along with a mortgage in favor of Decision One Mortgage Company, LLC (Decision One). The promissory note states, "If, on June 1, 2036, [defendant] still owe[s] amounts under this [n]ote, [defendant] will pay those amounts in full on that date, which is called the 'Maturity Date.'" The note also states that upon default, plaintiff "may require [defendant] to pay immediately the full amount of [p]rincipal that has not been paid and all the interest [owed] on that amount." The mortgage states defendant "has promised to pay . . . the debt in full not later than June 1, 2036."

Defendant defaulted on the loan in December 2006. Mortgage Electronic Registration Systems (MERS), as nominee for Decision One, filed a foreclosure complaint in August 2007. In that complaint, MERS required defendant to pay the unpaid principal and interest in full, pursuant to the acceleration clause. During the

course of that litigation, Decision One transferred the loan to plaintiff. In October 2009, the trial court entered final judgment in favor of plaintiff for $707,265.97. In August 2013, plaintiff voluntarily dismissed the complaint without prejudice. The record does not indicate whether plaintiff also vacated the judgment.

In March 2016, plaintiff filed a second foreclosure complaint against defendant. Plaintiff filed a motion for summary judgment and defendant cross-moved for dismissal, arguing the statute of limitations barred the claim. In January 2017, the trial court granted plaintiff's motion for summary judgment and denied defendant's cross-motion for dismissal. On May 12, 2017, the court entered an order in favor of plaintiff for $1,202,880.86, which it finalized in a judgment on June 1, 2017. Defendant appeals from the June 1, 2017 final judgment.

On appeal, defendant makes two arguments. First, defendant argues the statute of limitations bars plaintiff's March 2016 complaint. Second, defendant argues he is responsible only for the amount of the first judgment, and not the additional amount for the interest accrued and taxes and insurance paid since the first judgment.

We review a ruling on summary judgment de novo, applying the same standard governing the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). "If there is no

genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). We review issues of law de novo and accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

Here, the first issue presented is a purely legal one, and the underlying facts are undisputed. The parties agree defendant defaulted, plaintiff's predecessor filed an initial foreclosure complaint in August 2007 that stated "the whole unpaid principal . . . with all unpaid interest . . . shall now be due," and plaintiff filed another foreclosure complaint in March 2016. The issue is whether the filing of the initial complaint in August 2007 began the six-year statute of limitations period under N.J.S.A. 2A:50-56.1(a).

N.J.S.A. 2A:50-56.1 provides:

> An action to foreclose a residential mortgage shall not be commenced following the earliest of:
>
> a. Six years from the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note, bond, or other obligation secured by the mortgage, whether the date is itself set forth or may be calculated from information contained in the mortgage or note, bond, or other obligation, except that if the date fixed for the making of the last payment or the maturity

4

date has been extended by a written instrument, the action to foreclose shall not be commenced after six years from the extended date under the terms of the written instrument;

b. Thirty-six years from the date of recording of the mortgage, or, if the mortgage is not recorded, [thirty-six] years from the date of execution, so long as the mortgage itself does not provide for a period of repayment in excess of [thirty] years; or

c. Twenty years from the date on which the debtor defaulted, which default has not been cured, as to any of the obligations or covenants contained in the mortgage or in the note, bond, or other obligation secured by the mortgage, except that if the date to perform any of the obligations or covenants has been extended by a written instrument or payment on account has been made, the action to foreclose shall not be commenced after [twenty] years from the date on which the default or payment on account thereof occurred under the terms of the written instrument.

In construing statutes, the Legislature has instructed "its words and phrases 'shall be read and construed with their context, and shall, unless inconsistent with the manifest intention of the [L]egislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning . . . .'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 471 (2012) (quoting N.J.S.A. 1:1-1). "To the extent possible, the [c]ourt must derive its construction from the Legislature's plain language." Ibid. (citations omitted). "When construing a statute,

'[l]egislative language must not, if reasonably avoidable, be found to be inoperative, superfluous or meaningless.'" State v. Regis, 208 N.J. 439, 449 (2011) (quoting Franklin Tower One, LLC v. N.M., 157 N.J. 602, 613 (1999) (alteration in original)).

Defendant argues plaintiff accelerated the loan in August 2007, when its predecessor filed the first complaint and declared the full amount due; as a result, the "last payment" became due in August 2007 and the statute of limitations under N.J.S.A. 2A:50-56.1(a) began to run. Because the statute of limitations period under section (a) is six years, defendant asserts any complaint filed after August 2013 is barred.

Plaintiff argues filing a foreclosure complaint does not accelerate the "last payment" date for purposes of section (a). Therefore, section (c) applies and the statute of limitations expires twenty years after the default. Since the default occurred on December 1, 2006, plaintiff asserts any complaint filed before December 1, 2026 conforms to the statute of limitations.

Because the statute itself does not make clear which section applies when the lender files a foreclosure complaint accelerating the loan, we look to the legislative intent. See Guillaume, 209 N.J. at 471. First, the legislative history states the purpose of the statute was to "address some of the problems caused by the presence on the record of residential mortgages which have been

paid or which are otherwise unenforceable. These mortgages constitute clouds on title which may render real property titles unmarketable and delay real estate transactions." S. Commerce Comm. Statement to S. 250, 1 (May 8, 2008); Assemb. Fin. Insts. & Ins. Comm. Statement to S. 250, 1 (May 8, 2008). Importantly, in summarizing section (a), both committees use only the phrase "date of maturity" and not "last payment date," and analogize that section to the six-year statute of limitations for contracts. Ibid.

Second, the legislative history makes clear that for a default, the intent was to set a twenty-year statute of limitations from the date of default.

> The bill, in part, codifies the holding in Security National Partners Limited Partnership v. Mahler, 336 N.J. Super. 101 (App. Div. 2000), which applied a [twenty]-year statute of limitations to a residential mortgage foreclosure action based on a default due to nonpayment. In its decision, the court noted that since there is currently no statute of limitations expressly applicable to mortgage foreclosures in these situations, courts have resorted to drawing analogies to adverse possession statutes which bar rights of entry onto land after [twenty] years. This bill would resolve the uncertainties surrounding this area of law by providing a specific statute of limitations of [twenty] years from the date of the default by the debtor.

[S. Commerce Comm. Statement to S. 250, 1 (May 8, 2008); Assemb. Fin. Insts. & Ins. Comm. Statement to S. 250, 1-2 (May 8, 2008).]

Here, neither the note nor mortgage states that an acceleration of the debt changed the maturity date. The note itself expressly defines the maturity date: "If, on June 1, 2036, I still owe amounts under this note, I will pay those amounts in full on that date, which is called the 'Maturity Date.'"

Moreover, this is not a case where there is a cloud on the title rendering the property unmarketable. This is a case of default, where the lender is entitled to foreclose. The record reflects no dispute that defendant stopped paying the mortgage in 2006 and that plaintiff has paid all carrying costs for the property since that time. As a result, dismissal of plaintiff's March 2016 complaint would provide an inequitable result because defendant would receive a windfall at plaintiff's expense. Accordingly, we affirm the trial court's decision to apply the twenty-year statute of limitations from the date of default as the Legislature intended.

Defendant also argues awarding plaintiff $495,614.89 more than the first final judgment amount of $707,265.97 results in a windfall to plaintiff. We disagree.

Rule 4:64-1(d)(3) provides, "Any party . . . who disputes the correctness of the affidavit of amount due may file with the Office

A-4714-16T3

of Foreclosure an objection stating with specificity the basis of the dispute and asking the court to fix the amount due." Although defendant objected to plaintiff's calculation of the final judgment, the trial court found defendant did not object "with specificity" because he failed to support his objection with any proofs of his own, or offer an alternative to plaintiff's calculation. The $1,202,880.86 final judgment entered on June 1, 2017 consisted of $559,448.67 in unpaid principal, $436,325.46 in interest, $149,287.21 in taxes, $57,166.52 in insurance, and $653 in property inspection costs. The interest was calculated from the date of the last payment made to March 3, 2017.

Defendant made no specific objections to plaintiff's calculations. Rather, defendant argues plaintiff delayed enforcement of the October 2009 judgment and the court should not reward plaintiff for that delay. However, defendant's argument again ignores the fact that plaintiff paid all of the carrying costs on the property, including taxes and insurance, while defendant lived there payment-free. Equity dictates the court grant plaintiff a judgment for its reasonable expenditures. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012) ("In foreclosure matters, equity must be applied to plaintiffs as well as defendants."). Accordingly, we affirm

A-4714-16T3

the trial court's final judgment in the full amount of $1,202,880.86.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4714-16T3