**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1519-16T3

KATHLEEN PFEIFER,

    Plaintiff-Appellant,

v.

GINA M. MCLAUGHLIN, MR.
MCLAUGHLIN, husband of Gina
M. McLaughlin,

    Defendants-Respondents,

and

MORTGAGE ELECTRONIC
REGISTRATION SERVICES, INC., as
nominee for SOVEREIGN BANK,

    Defendant.

_____

Argued April 11, 2018 — Decided August 31, 2018

Before Judges Fuentes, Manahan and Suter.

On appeal from Superior Court of New Jersey,
Chancery Division, Monmouth County, Docket No.
F-031992-15.

Michael P. O'Grodnick argued the cause for
appellant (Savo, Schalk, Gillespie,
O'Grodnick & Fisher, PA, attorneys; Michael
P. O'Grodnick, of counsel and on the brief).

Michael D. Mezzacca argued the cause for respondents (Bourne, Noll & Kenyon, attorneys; Michael D. Mezzacca, of counsel and on the brief).

PER CURIAM

In this mortgage foreclosure action, plaintiff Kathleen Pfeifer appeals from the order of the Chancery Division, General Equity Part, that dismissed her complaint against defendants Gina M. McLaughlin, and her husband. The judge held plaintiff filed this foreclosure action against defendants beyond the time period established by the statute of limitations and also failed to properly record the mortgage. In reaching this decision, the judge retroactively applied the six-year statute of limitations codified in N.J.S.A. 2A:50-56.1. We reverse. The judge erred when she retroactively applied the six-year limitation period in N.J.S.A. 2A:50-56.1. Consistent with this court's holding in Security Nat. Partners Ltd. Partnership v. Mahler, 336 N.J. Super. 101, 108 (App. Div. 2000), at the time plaintiff commenced this foreclosure action, the limitations period to file a residential mortgage foreclosure was twenty years.

Plaintiff also argues the judge erred in dismissing the foreclosure action because defendants were not aware of the existence of the recorded mortgage. Because the judge granted summary judgment before these parties could be included in the

suit, a remand is necessary to permit defendant to file a third party action against these parties.

I

On July 26, 2007, the Owens executed a note confirming a loan from the Pfeifers in the amount of $53,000 plus interest, with a maturity date of July 26, 2008. To secure payment of the note, the Owens executed a non-purchase money mortgage on the real property listing the Pfeifers as the mortgagees/creditors, subject to satisfaction of the note. The mortgage was recorded with the Clerk of Monmouth County on September 21, 2007. The property used as collateral for the loan is a residential property located in the Borough of Highlands in Monmouth County; it was conveyed to Joanne Gillikin (maiden name of Joanne Owen) by deed dated March 3, 1987. Joanne Gillikin legally changed her name to Joanne Owen in 1991 after she married Claude Owen.

The mortgage identifies the debtors as Claude Owen and Joanne Owen and describes the mortgaged property as previously conveyed to "Joanne Gillikin, unmarried by deed from James V. Higgins, unmarried dated 03/03/1987, recorded 03/16/1987 . . . ." The mortgage instrument contains a default clause that allows the Pfeifers to declare the Owens in default on the note and mortgage if the Owens: (1) failed to make any payments by the due dates;

A-1519-16T3

(2) failed to keep any other promises in the mortgage; or (3) "the ownership of the [p]roperty is changed for any reason."

The mortgage did not provide for a straight amortization of the loan. It contained a "balloon payment" clause; the Owens pay $507.92 per month until July 26, 2008, at which time all sums due were to be paid in full. The Pfeifers, as mortgagees, also had the right to foreclose upon default. Michael D. Pfeifer died on November 18, 2011, leaving his widow plaintiff Kathleen L. Pfeifer as the sole owner of the promissory note.

The Owens defaulted by failing to make the payment due on May 26, 2008, and by failing to make the balloon payment due under the note by July 26, 2008. On January 7, 2009, the Pfeifers filed a foreclosure action against the Owens. On September 13, 2013, the Foreclosure Unit in the Superior Court Clerk's Office administratively dismissed the complaint without prejudice for lack of prosecution. See R. 4:64-8.

On November 17, 2010, the Owens transferred the title to the property by deed to defendant "Gina M. McLaughlin, unmarried, and Virginia V. [McLaughlin] . . . ." The deed was recorded on May 23, 2011 and re-recorded on June 3, 2011 through the Monmouth County Clerk's Office. The deed lists the grantors as "Joanne Gillikin Owen and Claude Owen, wife and husband . . . ." A number of other documents, including the contract of sale, a limited

power of attorney, and an affidavit of title also identify the seller/grantor as Joanne Owen.

Defendant's title insurer, Stewart Title Company of Central Jersey (Stewart Title), performed a chain of title, liens, and judgment search using the grantor/grantee index. The searcher ran the county search based on the name of the grantee, Joanne Gillikin, which revealed her 1987 mortgage. In a certification submitted by Kathleen Lockwood, a principal of Stewart Title, she averred that she became aware that Joanne Gillikin "had been married and was then known as Joanne Gillikin Owen and the deed [to] Gina McLaughlin was prepared accordingly."

Lockwood also averred that she performed a civil judgment search of Joanne Gillikin Owen using only "Owen" as her last name "as she could have had a judgment entered against her after she had been married." Lockwood claimed, however, that

> any mortgage she may have entered into would have to, in order to be recorded properly, recite that Joanne Gillikin, as the title holder, was mortgaging the property. In this case, no such recitation was made and, therefore, the searcher did not locate the mortgage with the standard search of the grantor indexes.

Consequently, the title search did not list plaintiff's recorded mortgage as an exemption to the title policy. The only exception listed was Gillikin's 1987 mortgage.

At the closing conveying title to the property from the Owens to defendant, plaintiffs' mortgage was not paid from the proceeds of the sale; the mortgage remained a lien on the property because it was not discharged of record. The affidavit of title Owen signed did not disclose plaintiff's mortgage. In her affidavit of title signed on November 17, 2010, and in a certification submitted to the General Equity Judge on July 22, 2016, defendant certified that she did not have any knowledge of the mortgage.

On September 8, 2015, plaintiff filed a foreclosure complaint against defendant. Plaintiff also filed a notice of lis pendens on November 25, 2015, which was recorded at the Monmouth County Clerk's Office on the same day. Defendant filed her responsive pleading on January 1, 2016, in which she alleged that she had no knowledge of the mortgage or note and denied any legal responsibility for this debt.

Plaintiff moved for summary judgment six months after joinder of issue. While plaintiff's summary judgment motion was pending, defendant moved to file a third-party complaint against the Owens and Stewart Title. Defendant also filed her own motion for summary judgment. On September 29, 2016, the matter came before the General Equity Judge for oral argument on the parties' cross-motions for summary judgment. The judge granted defendant's motion for summary judgment and dismissed plaintiff's foreclosure action

6                                                    A-1519-16T3

as a matter of law. The judge also denied defendant's motion for leave to file a third-party complaint.

The judge's oral decision addressed the two principal issues raised by the parties in their summary judgment motions: (1) whether plaintiff's foreclosure action was barred by the statute of limitations; and (2) whether plaintiff properly recorded the mortgage, thereby giving record notice to defendant of its existence as a lien on the property.

The judge explained the basis for her decision as follows:

> [T]he [c]ourt finds that N.J.S.A. 2A:50-56.1 is defined as six years from the maturity date set forth in the mortgage or the note. In this case the plaintiff's mortgage had a maturity date of July [26], 2008. Six years from that date is July [26], 2014. This action was not filed until September [8], 2015, and the statute provides that no suit is to be filed following the earliest of the 6, 36 or 20-year time periods of sections a, b, or c. So the [c]ourt finds that this action is barred by the six-year statute of limitations.
>
> . . . .
>
> [I]f that were not correct, I think we have to go on to the other issue of whether or not Gina McLaughlin is a bonafide purchaser. The plaintiff's mortgage was given by Owen . . . as opposed to the record title holder who was Gillikan. So . . . there's an argument that it was not recorded . . . properly so therefore it was not found by the searcher and it was not listed on the title commitment issued in the purchase of the property. The plaintiff had an obligation to see the proper recording of her mortgage and she did not. I

7

think we have to consider the title or the search statutes under N.J.S.A. 46:26(a)-1 . . . and they talk about documents and recording.

[S]o in this case because the plaintiff's mortgage was indexed under Owen instead of Gillikan, it was not indexed in accordance with the recording statute. N.J.S.A. 46:26(a)-8 sets forth what has to be recorded when indexed. And the plaintiff's mortgage was indexed under Owen therefore if it was indexed under Owen the plaintiff caused the lien to be absent from the chain of title and therefore the defendant was entitled to rely on public records . . . So here the conveyance by Owen is an interest but it has no effect against McLaughlin because there was no evidence that there was a mortgage.

The judge thereafter denied plaintiff's motion for reconsideration and discharged the mortgage and lis pendens. Plaintiff now appeals the orders granting defendant's motion for summary judgment, denying her motion for reconsideration, and discharging the mortgage and lis pendens.

II

This court reviews the grant of summary judgment de novo, without affording any deference to the motion judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). We use the same standards relied on by the motion judge. Globe Motor Co. v. Iqdalev, 225 N.J. 469, 479 (2016). Those standards are codified in Rule 4:46-2(c) and we need not restate them here. We

are satisfied there are no issues of material fact in dispute and the matter is ripe for final adjudication as a matter of law.

The Legislature enacted N.J.S.A. 2A:50-56.1, our current statute of limitations relative to residential mortgage foreclosures, effective August 6, 2009. It provides:

> An action to foreclose a residential mortgage shall not be commenced following the earliest of:
>
> (a) Six years from the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note, bond, or other obligation secured by the mortgage, whether the date is itself set forth or may be calculated from information contained in the mortgage or note, bond, or other obligation, except that if the date fixed for the making of the last payment or the maturity date has been extended by a written instrument, the action to foreclose shall not be commenced after six years from the extended date under the terms of the written instrument;
>
> (b) Thirty-six years from the date of recording of the mortgage, or, if the mortgage is not recorded, 36 years from the date of execution, so long as the mortgage itself does not provide for a period of repayment in excess of 30 years; or
>
> (c) Twenty years from the date on which the debtor defaulted, which default has not been cured, as to any of the obligations or covenants contained in the mortgage or in the note, bond, or other obligation secured by the mortgage, except that if the date to perform any of the obligations or covenants has been extended by a written instrument or payment on account has been made, the action to

> foreclose shall not be commenced after 20 years from the date on which the default or payment on account thereof occurred under the terms of the written instrument.

> [N.J.S.A. 2A:50-56.1.]

Distilled to its essence, a foreclosure action must be commenced by the earliest of: (1) six years from the date of maturity; (2) thirty-six years from the date of recording or execution; or (3) twenty years from the date of default by the debtor.  Ibid.

Prior to the enactment of N.J.S.A. 2A:50-56.1, there was no statutorily defined period of limitation for bringing a residential foreclosure action.  N.J.S.A. 2A:50-56.1 supplemented the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -73, by codifying a statute of limitations for residential foreclosure actions.  Before N.J.S.A. 2A:50-56.1, case law established a twenty-year time limit, relying on the statutory time limit set forth for adverse possession actions.  See Mahler, 336 N.J. Super. at 108.  Based on this, plaintiff argues she had twenty years from the time of default to institute a foreclosure action.

Plaintiff argues the sponsor statement of N.J.S.A. 2A:50-56.1 supports her legal position.  The statement provides:

> The bill, in part, codifies the holding in [Mahler, 336 N.J. Super. at 108], which applied a 20-year statute of limitations to a residential mortgage foreclosure action based on a default due to nonpayment.  In its decision, the court noted that since there is

A-1519-16T3

currently no statute of limitations expressly applicable to mortgage foreclosures in these situations, courts have resorted to drawing analogies to adverse possession statutes which bar rights of entry onto land after 20 years. This bill would resolve the uncertainties surrounding this area of law by providing a specific statute of limitations of 20 years from the date of default by the debtor.

Our Supreme Court recently reaffirmed the following bedrock principles of statutory construction:

> [T]he starting point of all statutory interpretation must be the language used in the enactment. We construe the words of a statute in context with related provisions so as to give sense to the legislation as a whole.
>
> If the plain language leads to a clear and unambiguous result, then our interpretative process is over. We rely on extrinsic evidence of legislative intent only when the statute is ambiguous, the plain language leads to a result inconsistent with any legitimate public policy objective, or it is at odds with a general statutory scheme.
>
> [Spade v. Select Comfort Corp., 232 N.J. 504, 515 (2018) (internal citations omitted).]

Here, the language and meaning of N.J.S.A. 2A:50-56.1 are plain, and therefore this court's role is to enforce it according to its terms. We discern no legal basis to turn to extrinsic evidence. N.J.S.A. 2A:50-56.1(a) imposes a six-year statute of limitations on all residential foreclosure actions if six years from the date fixed for the making of the last payment or the maturity date set forth in the mortgage is the earliest of the

11

three possible dates in the statute.  Under this mortgage, the Owens were required to pay $507.92 per month until July 26, 2008, at which time all sums due were to be paid in full.  The Owens defaulted by failing to make the payment due on May 26, 2008, and by failing to pay all sums due under the note by July 26, 2008.  Therefore, July 26, 2008 was the maturity date because all sums were required to be paid in full by that date.

In accordance with N.J.S.A. 2A:50-56.1, there were three possible deadlines for the filing of a foreclosure action, and the statute requires filing by the earliest date.  The maturity date of the mortgage was July 26, 2008, and six years from that date was July 26, 2014.  The mortgage was recorded on September 21, 2007, nearly a year before the effective date of N.J.S.A. 2A:50-56.1.

Although the six-year statute of limitations language is clear, the issue here is whether the Legislature intended that it should be applied retroactively to plaintiff's complaint under these circumstances.  Applying settled principles of statutory construction related to this retroactivity issue, we are satisfied that the Legislature did not intend a retroactive application.

New Jersey courts have stated that statutes generally should be given prospective application.  Gibbons v. Gibbons, 86 N.J. 515, 521 (1981).  A two-part test is used to determine whether a

statute may be applied retroactively.  <u>In re D.C.</u>, 146 N.J. 31, 50 (1996).  Courts look to (1) "whether the Legislature intended to give the statute retroactive application" and (2) "whether retroactive application of that statute will result in either an unconstitutional interference with 'vested rights' or a 'manifest injustice.'"  <u>In re D.C.</u>, 146 N.J. at 50 (quoting <u>Phillips v. Curiale</u>, 128 N.J. 608, 617 (1992)).  The Supreme Court in <u>In re D.C.</u> specified the circumstances that would warrant retroactive application:

> (1) where the Legislature has declared such an intent, either explicitly or implicitly; (2) where the statute is curative; and (3) where the expectations of the parties warrant retroactive application.  However, even if a statute is found to apply retroactively based on those factors, under the second prong of the basic test, retroactive application must not "result in 'manifest injustice' to a part adversely affected by such application."
>
> [<u>In re D.C.</u>, 146 N.J. at 50-51 (internal citations omitted)].

"The Legislature's expression of intent to apply a statute retroactively 'may be either express, that is, stated in the language of the statute or in the pertinent legislative history, or implied, that is, retroactive application may be necessary to make the statute workable or to give it the most sensible interpretation[.]'"  <u>Johnson v. Roselle EZ Quick, LLC</u>, 226 N.J. 370, 388 (2016) (alteration in original) (citing <u>Gibbons</u>, 86 N.J.

at 522).  The courts may infer a prospective intent when the Legislature is silent on an issue because of the "knowledge that courts generally will enforce newly enacted substantive statutes prospectively," absent a clear expression of contrary intent from the Legislature.  Ibid. (citing Maeker v. Ross, 219 N.J. 565, 578 (2014)).  Without a clear expression of contrary intent, a statute that relates to substantive rights and changes settled law will be applied prospectively.  Ibid. (citing Phillips, 128 N.J. at 617).

A statute can be considered curative when it "amends a previous law which is unclear or which does not effectuate the actual intent of the Legislature in adopting the original act." In re D.C., 146 N.J. at 51 (quoting Schiavo v. John F. Kennedy Hosp., 258 N.J. Super. 380, 385 (App. Div. 1992)).  A curative statute will "remedy a perceived imperfection in or misapplication of a statute" and helps explain or clarify the existing law.  Ibid. It "may clarify, but may not change, the meaning of existing law." Johnson, 226 N.J. at 388 (citing Schiavo, 258 N.J. Super. at 386-87).  Finally, courts consider the parties' reasonable expectations as to the law.  Id. at 389 (citing James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 573 (2014)).

The main reason N.J.S.A. 2A:50-56.1 cannot be applied retroactively is that it is not curative.  An amendment to a

14

statute is curative when it corrects or cures a judicial misinterpretation of an existing statute. <u>Olkusz v. Brown</u>, 401 N.J. Super. 496, 503 (App. Div. 2008). It "can be given retroactive effect if it is designed merely to carry out or explain the intent of the original statute." <u>Ibid.</u> (quoting <u>Kendall v. Snedeker</u>, 219 N.J. Super. 283, 287 (App. Div. 1987)). Here, N.J.S.A. 2A:50-56.1 "does not clarify or expand upon a preexisting statutory provision;" the statute of limitations in residential foreclosure actions was previously established by case law, not any statutory provision. <u>Id.</u> at 503. Therefore, N.J.S.A. 2A:50-56.1 did not cure a misinterpretation of an existing statute or carry out the intent of a previous statute. Instead, it established a statutory provision for statutes of limitations in foreclosure actions that must be applied prospectively.

Here, the General Equity Judge erred in applying N.J.S.A. 2A:50-56.1 retroactively. The statute does not explicitly state it applies retroactively and there is no extrinsic evidence the Legislature implicitly intended retroactive application. The statute does not clarify an existing statute or cure a judicial misinterpretation of an existing statute. Therefore, plaintiff's foreclosure action is subject to a twenty-year period of limitations. Plaintiff's foreclosure action is not barred by

15

N.J.S.A. 2A:50-56.1. We therefore do not need to address plaintiff's remaining arguments.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16