**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5694-16T1

MARINERS PAC VENTURES, LLC,

    Plaintiff-Respondent,

v.

RONALD GRANT, his heirs, devisees,
and personal representatives and his/her,
their, or any of their successors in right,
title and interests,

    Defendant-Appellant,

and

MRS. GRANT, wife of RONALD
GRANT, her heirs, devisees, and personal
representatives and his/her, their, or any of
their successors in right, title and interest,
CAPE MAY COUNTY BOARD OF SOCIAL
SERVICES, STATE OF NEW JERSEY, and
MITCHELL NICHOLS ENTERPRISES,

    Defendants.

_____

Submitted November 15, 2018 – Decided December 12, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Chancery Division, Cape May County, Docket No. F-006454-16.

Ronald Grant, appellant pro se.

Powers Kirn, LLC, attorneys for respondent (Jeanette J. O'Donnell, on the brief).

PER CURIAM

Defendant Ronald Grant appeals from a Chancery Division order granting plaintiff Mariners Pac Ventures, LLC's motion for summary judgment, striking defendant's answer and entering default against him, and denying plaintiff's cross-motion for summary judgment, and from a final judgment of foreclosure. Defendant argues the court erred by rejecting his contention that the complaint was filed beyond the limitations period and by finding plaintiff had standing to bring the foreclosure action. We disagree and affirm.

On April 13, 2007, defendant executed a $181,000 promissory note in favor of First Horizon Home Loan Corporation (Horizon). The note included a defined "Maturity Date" of May 1, 2038. As security for the note, defendant executed and delivered a mortgage to Horizon on residential property located in Middle Township. The mortgage was recorded in the Cape May County Clerk's office on April 20, 2007.

First Tennessee Bank National Association (First Tennessee), as successor by merger to Horizon, assigned the mortgage to HG Recovery Fund I, LLC (HG Recovery). First Tennessee also indorsed the note to HG Recovery. An assignment of the mortgage was recorded on August 10, 2015, in the Cape May County Clerk's office.

HG Recovery subsequently assigned the mortgage and indorsed the note to plaintiff. The assignment of mortgage was recorded on February 12, 2016.

Defendant defaulted on the note and mortgage on June 1, 2008, by failing to make a payment then due, and has since failed to make any subsequent payments. On March 4, 2016, plaintiff filed a foreclosure complaint. Following defendant's filing of a contesting answer and the completion of discovery, plaintiff filed a motion for summary judgment. Defendant filed a cross-motion for summary judgment seeking dismissal of the complaint.

Judge Paul Innes heard oral argument on the motions and, in a detailed written decision, determined plaintiff had standing to foreclose because it possessed the note and had been assigned the mortgage on or before the March 4, 2016 filing of the complaint. Judge Innes further found defendant defaulted on the mortgage on June 1, 2008, and remained in default.

The judge rejected defendant's contention the complaint was barred by the statute of limitations under N.J.S.A. 2A:50-56.1. Judge Innes found that subsection (c) of N.J.S.A. 2A:50-56.1, which defines the foreclosure filing limitations period where a residential mortgagor defaults, applied. He explained that the subsection (c) limitations period is twenty years and that, because defendant defaulted on June 1, 2008, plaintiff's complaint was timely filed.

Judge Innes also rejected defendant's contention that the certifications of Matt Curtin, which plaintiff submitted in support of its motion and in opposition to defendant's cross-motion, did not satisfy the requirements of Rule 1:6-6. The court noted Curtin, a portfolio manager for the mortgage servicing company that was plaintiff's attorney-in-fact, certified that the information he provided was based upon his review of records "made at or near the time by, or from information provided by, persons with knowledge of their activity and transactions reflected in such records, and are kept in the ordinary course of business." The court therefore determined the certifications satisfied Rule 1:6-6 because they were based on Curtin's personal knowledge.

The court also rejected defendant's contention that plaintiff did not have standing because Curtin provided a copy of the note that included an allonge plaintiff had indorsed in blank. Judge Innes concluded the indorsement did not

A-5694-16T1

affect plaintiff's standing because plaintiff had possession of the note when the complaint was filed and thereafter.

The court entered an order striking defendant's answer, granting plaintiff summary judgment and denying defendant's cross-motion. The court subsequently entered a final judgment of foreclosure. This appeal followed.

We review a determination on a summary judgment motion applying the same standard used by the trial court. See Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016).

> [I]f the evidence of record—the pleadings, depositions, answers to interrogatories, and affidavits—"together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial court must deny the motion. R. 4:46-2(c); see Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 [ ] (1995). On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted.
>
> [Ibid.]

Defendant first argues the court erred by failing to apply the six-year limitations period in N.J.S.A. 12A:3-118(a) because the complaint asserts a cause of action to enforce obligations under the note. We reject the argument because "defendant['s] claim that the foreclosure suit is governed by" the six-year statute for a default on a note under N.J.S.A. 12A:3-118(a) "is contrary to

long settled case law and has no merit."  Sec. Nat'l Partners Ltd. P'ship v. Mahler, 336 N.J. Super. 101, 105 (App. Div. 2000).

N.J.S.A. 2A:50-56.1, which became effective on August 6, 2009, L. 2009, c. 105, codified a statute of limitations for residential foreclosure actions. Deutsche Bank Trust Co. Ams. v. Weiner, __ N.J. Super. __, __ (App. Div. 2018) (slip op. at 2).  Prior to the statute's enactment, foreclosure actions were governed by a twenty-year limitations period.  Ibid.; see also Mahler, 336 N.J. Super. at 108 (applying a twenty-year statute of limitations to foreclosure actions).

N.J.S.A. 2A:50-56.1 provides "that a residential foreclosure action 'shall not be commenced following the earliest of' three points in time."  Weiner, __ N.J. Super. at __ (slip op. at. 2) (quoting N.J.S.A. 2A:50-56.1).  A foreclosure action must be commenced by the earliest of:

> [(1)] Six years from "the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note," N.J.S.A. 2A:50-56.1(a);
>
> [(2)] Thirty-six years from the date the mortgage was recorded or, if not recorded, from the date of execution, N.J.S.A. 2A:50-56.1(b); and
>
> [(3)] Twenty years from the date of a default that "has not been cured," N.J.S.A. 2A:50-56.1(c).
>
> [Ibid. (citation omitted).]

6

Defendant argues the court erred by applying the twenty-year limitations period for mortgage defaults under subsection (c) of N.J.S.A. 2A:50-56.1. He contends that under the note's terms, his June 1, 2008 default resulted in an acceleration of the amount due under the note, thereby modifying the note's maturity date from the defined "June 1, 2038" to the June 1, 2008 date of default. He asserts the "earliest" limitations period under N.J.S.A. 2A:50-56.1 is the six-year period from "the maturity date set forth in the mortgage or the note," and the court therefore erred by applying the subsection (c) twenty-year limitations period. Defendant submits that because plaintiff's complaint was not filed within six years of June 1, 2008, it was time-barred under subsection (a).

We considered and rejected the identical argument in Weiner. See Weiner, __ N.J. Super. at __ (slip op. at 4). Defendant's interpretation of subsection (a) "ignore[s] [the provision's] plain language" and cannot logically be reconciled with subsection (c)'s express provision of a limitations period triggered by a default. Id. at __ (slip op. at 5).

The note defined June 1, 2038, as the maturity date. It therefore constituted the sole maturity date pertinent to the determination of the limitations period under N.J.S.A. 2A:50-56.1(a)'s plain language. See ibid. Defendant's reliance on subsection (a) to define the applicable limitations period

7

is devoid of merit.[1] The court correctly applied a twenty-year limitations period from the date of default in its denial of defendant's cross-motion for summary judgment.[2]

Defendant also claims the court erred by finding plaintiff had standing to bring the foreclosure action. The evidence before Judge Innes, however, shows an assignment of the mortgage to plaintiff and plaintiff's possession of the note prior to the filing of the complaint. The court therefore correctly determined plaintiff had standing. See Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)) (finding "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing" to bring a foreclosure action).

---

[1] We also observe that defendant's argument is based on the false factual premise that his default resulted in an acceleration of the full amount due under the note. That is not the case as far as we can tell from the record. The acceleration provision is permissive; it only allows the lender to serve a notice following default requiring immediate payment of the full outstanding balance due. There is no evidence plaintiff served such a notice on June 1, 2008.

[2] The applicable limitations period based on a default is twenty years under the statute, N.J.S.A. 2A:50-56.1(c), as well as under the common law, Weiner, __ N.J. Super. at __ (slip op. at 2), and there is no dispute the complaint was filed within twenty years of defendant's default.

A-5694-16T1

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5694-16T1