**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2922-17T1

DITECH FINANCIAL, LLC,

    Plaintiff-Respondent,

v.

KAREN BAREL, MR. BAREL,
husband of KAREN BAREL, MR.
BAREL, husband of ARIEL BAREL,
STONEBRIDGE AT WAYNE
HOMEOWNERS ASSOCIATION,
INC., and NEW CENTURY
FINANCIAL SERVICES,

    Defendants,

and

ARIEL BAREL,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

DITECH FINANCIAL, LLC,

    Third-Party Defendant-
    Respondent,

and

MERSCORP HOLDINGS, INC.,
a Delaware Corporation,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
a Delaware Corporation,
PHELAN HALLINAN & DIAMOND,
PC, and JOHN D. KROHN,

       Third-Party Defendants,

and

NATIONWIDE TITLE CLEARING,
INC.,

       Third-Party Defendant-
       Respondent.

_____

> Argued September 9, 2019 – Decided  September 17, 2019
>
> Before Judges Geiger and Natali.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-049914-14.
>
> Ariel Barel, appellant, argued the cause pro se.
>
> Nicole M. Savage argued the cause for respondent Ditech Financial LLC (Phelan Hallinan Diamond & Jones, PC, attorneys; Sonya Gidumal Chazin, on the brief).
>
> Betsy A. Rosenbloom argued the cause for respondent Nationwide Title Clearing, Inc. (Williams Caliri Miller

2

& Otley, PC, attorneys; Betsy A. Rosenbloom, of counsel and on the brief).

PER CURIAM

Defendant-third-party plaintiff Ariel Barel (appellant) appeals from a final judgment entered in favor of plaintiff Ditech Financial LLC (Ditech) formally known as Green Tree Servicing LLC (Green Tree) in this residential mortgage foreclosure.[1] Appellant also challenges the dismissal of his counterclaims and third-party claims, the striking of his answer, and the denial of his motion to vacate the judgment. We affirm.

On March 8, 2006, appellant and his then-wife, defendant Karen Barel, executed a non-purchase money mortgage (the Mortgage) affecting residential property in Wayne (the property) in favor of Atlantic Stewardship Bank. The Mortgage was recorded on March 22, 2006. The thirty-year fixed-rate promissory note (the Note) required monthly payments of $1570.08. Since appellant was not a record title owner of the property, the Note was executed by Karen Barel but not appellant.

---

[1] Effective August 31, 2015, Green Tree merged with, and changed its name to, Ditech Financial LLC. An order was entered to substitute Ditech as plaintiff in August 2016.

A-2922-17T1

The Mortgage was reassigned several times. First, by simultaneous assignment, the Mortgage was assigned to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for GMAC Bank. The assignment was recorded on March 22, 2006. Second, the Mortgage was assigned to GMAC Mortgage, LLC (GMAC Mortgage) on September 19, 2008. The assignment was recorded on October 9, 2008. Third, despite the prior assignment, MERS, as nominee for GMAC Bank, assigned the Mortgage to Green Tree on June 13, 2014. That assignment was recorded on June 25, 2014. The third assignment was prepared and presented for recording by third-party defendant Nationwide Title Clearing, Inc. (Nationwide). Nationwide admits it conducted only an electronic search of the title records, which, it asserts, failed to disclose the assignment in favor of GMAC Mortgage. A corrective assignment dated August 14, 2015, was recorded on August 24, 2015, to assign the Mortgage from GMAC Mortgage, by its Attorney in Fact, Green Tree, to Green Tree.

The account went into default on January 1, 2009. Green Tree filed its complaint on November 26, 2014.[2] Appellant filed an answer and asserted affirmative defenses and counterclaims in March 2015. Appellant filed third-

---

[2] A prior foreclosure complaint, which is not germane to this appeal, was filed by GMAC Mortgage in September 2008; it was voluntarily dismissed in June 2014.

party claims against: MERSCORP Holding, Inc. (MERSCORP), the owner of MERS; MERS; and Nationwide (collectively, the third-party defendants). Appellant also filed third-party claims against the law firm, Phelan Hallinan Diamond & Jones, PC (the Firm), and an attorney at the Firm, John Krohn, who filed the complaint on Green Tree's behalf. The counterclaims and third-party claims alleged common law fraud, violation of the statute of frauds, conversion of the Note, and civil racketeering in violation of N.J.S.A. 2C:41-1.

Green Tree, MERS, MERSCORP, and Nationwide moved to dismiss pursuant to Rule 4:6-2(e), for failure to state a claim upon which relief may be granted. The motion judge dismissed the claims against Green Tree, MERS, and MERSCORP with prejudice by orders dated August 19, 2015. Appellant's claims against Nationwide were dismissed with prejudice on August 31, 2015.

Karen Barel filed a Chapter 13 bankruptcy petition on September 30, 2015.[3] The Bankruptcy Court granted her application for leave to transfer the subject property to appellant. In April 9, 2016, she conveyed the property to

---

[3] In October 2015, while the bankruptcy proceedings were ongoing, appellant sought to appeal the dismissal of his third-party claims. We dismissed the appeal as interlocutory and denied appellant's motion for reconsideration. The Supreme Court denied certification. Green Tree Servicing, LLC v. Barel, 228 N.J. 42 (2016). The Court also denied appellant's motion for reconsideration.

appellant by a deed recorded on May 24, 2016. The Bankruptcy Court also granted Ditech relief from the automatic stay to pursue the foreclosure.

With the automatic stay lifted, appellant's claims against Krohn and the Firm were dismissed in August 2016. Following the dismissal of appellant's third-party claims, the case proceeded to trial. Saad Naqshabandi, a foreclosure litigation analyst, testified for Ditech. Naqshabandi testified the last credited mortgage payment was received on December 9, 2008. Ditech produced the Note indorsed in blank and Naqshabandi testified the Note was from Ditech's origination file. He testified Green Tree became the Note's holder on February 1, 2013.[4] Green Tree merged into Ditech and changed its name to Ditech effective August 31, 2015. In acquiring Ditech and changing its name, Green Tree remained the surviving limited liability company and did not transfer, convey or assign any of its interests.

---

[4] After the trial concluded, but before the Chancery Division issued its decision, appellant filed suit against Green Tree in federal court. Barel v. Green Tree Servicing, LLC, No. 16-cv-08880-SDW-LDW, 2017 U.S. Dist. LEXIS 112424, at *3 (D.N.J. July 19, 2017), aff'd, 734 F. App'x 160 (3d Cir. 2018). Appellant asserted "he sent a note of rescission to [Green Tree] on April 6, 2015," which he argued "rescinded the March 8, 2006 note and mortgage pursuant to the Truth in Lending Act (TILA), 15 U.S.C. § 1635;" he also claimed "the mortgage 'was never consummated.'" Ibid. The District Court granted Green Tree's motion to dismiss. The court held appellant's claims were barred by the entire controversy doctrine and the Younger v. Harris, 401 U.S. 37 (1971) abstention doctrine; it also held appellant's TILA claim was untimely. Id. at *5-8.

A-2922-17T1

The trial judge held plaintiff had standing to foreclose because it was a holder in possession of the Note at the time the foreclosure complaint was filed. The judge also held "that the maker of the note does not have standing to challenge the assignment." He explained that "the maker of the note does not own the note, it's the property of others, and you really don't have standing to challenge the assignment. It's not yours." Accordingly, on January 9, 2017, the trial court entered an order that struck appellant's answer, dismissed his counterclaims and third-party claims with prejudice, and returned the matter to the Office of Foreclosure to proceed as an uncontested matter. The next day, the trial court denied appellant's motion to dismiss the foreclosure complaint. Ditech then moved for entry of default. Default was entered in May 2017. Ditech subsequently moved for entry of judgment. Final judgment was entered on January 17, 2018, in the amount of $508,224.35. The following month, appellant moved to vacate the final judgment for lack of service. While the motion was still pending, appellant filed this appeal.

Appellant did not list the order dismissing Krohn and the Firm in his original notice of appeal or his first amended NOA. Appellant first included the dismissal order in his untimely, second amended NOA. Appellant was advised he would need to file a motion to have the second amended NOA considered as

A-2922-17T1

within time. Appellant declined to do so and his second amended NOA was stricken. As a result, appellant waived his right to appeal the dismissal of his claims against Krohn and the Firm.[5]

Similarly, the order dismissing appellant's claims against MERSCORP is not included in the amended NOA or case information statement (CIS), and is not included in appellant's appendix. Moreover, all of appellant's references to the order that dismissed his claims against MERSCORP are to the order that dismissed his claims against Green Tree and MERS. As such, appellant waived his right to appeal the dismissal of his claims against MERSCORP. In addition, appellant did not properly serve MERS with his NOAs and CIS.[6] As a result, his claims against MERS are waived.

On April 18, 2018, the trial court entered two orders. The first order addressed appellant's motion to vacate the final judgment. The court held

---

[5] An interlocutory order is preserved for appeal only if specifically identified in the notice of appeal or the case information statement filed with the notice of appeal. "Otherwise the right to appeal therefrom is deemed waived." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.3.2. on R. 2:2-3 (2019) (citations omitted).

[6] Appellant's amended NOA service list indicates Williams Caliri & Otley, PC (the Williams Firm) received service for MERS, MERSCORP, and Nationwide. However, MERS and MERSCORP were not represented by the Williams Firm. Only Nationwide was represented by the Williams Firm in the Chancery Division.

supervision and control of the case was vested in the Appellate Division pursuant to <u>Rule</u> 2:9-1(a). The second order stayed the sheriff's sale until May 29, 2018.

Appellant applied for leave to file an emergent motion with this court on May 18, 2018; it was denied the same day. The sheriff's sale took place on May 29, 2018. A June 11, 2018 Sheriff's deed conveyed the property to Federal National Mortgage Association. The deed was recorded on June 28, 2018.

On June 12, 2018, we denied appellant's motion for a stay of the Sheriff's Sale pending appeal as moot. Appellant's application for leave to file an emergent motion was denied by the Supreme Court. Appellant next filed a challenge to the jurisdiction of the Superior Court. The record on appeal does not disclose the outcome of that application.

On appeal, appellant argues: the trial court deprived appellant of due process and erred by dismissing his counterclaims and third-party complaint; Green Tree lacked authority to foreclose without having a certificate of authority from the Secretary of State; the trial court's rulings were contrary to the law of assignments of mortgages; and the trial court lacked authority to refuse to allow appellant's subpoenaed witness to testify. Appellant also argues the judge that entered the judgment, Office of Foreclosure, and Clerk of the Superior Court

erred by authorizing "ex-parte robo-signed" entry of final judgment and writ of possession because: (a) the mortgage and note were irreparably separated on March 8, 2006; (b) Green Tree had no authority to maintain an action in New Jersey and violated N.J.S.A. 14A:13-4 and -11; (c) Green Tree is in violation of N.J.S.A. 12A:3-118 and N.J.S.A. 2A:50-56.1; (d) the trial court abused its discretion by not allowing appellant to question a subpoenaed witness; (e) the trial court erred by dismissing the counterclaim and third-party complaint that alleged common law fraud, violation of the statute of frauds, conversion of the Note, and civil racketeering in violation of N.J.S.A. 2C:41-1; (f) the trial court erred by deeming this matter appellant's uncontested in violation of Rule 4:64-1(a)(2); (g) the judge who entered the judgment lacked jurisdiction because he is assigned to a different county; and (h) the trial court erred by refusing to order plaintiff to address the challenge of jurisdiction filed by appellant.

We reject these arguments and affirm substantially for the reasons expressed by the Chancery Division judges in their motion and trial decisions. We add the following comments.

Appellant asserted counterclaims and third-party claims for common law fraud, violation of the statute of frauds, conversion of the Note, and civil

racketeering. The motion judge dismissed these claims with prejudice for failure to state a claim upon which relief may be granted. R. 4:6-2(e).

"We review a grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court." Wreden v. Township of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014). The same standard applies to counterclaims. Inv'rs Sav. Bank v. Waldo Jersey City, LLC, 418 N.J. Super. 149, 159 (App. Div. 2011). We "search the allegations of the pleading in depth and with liberality to determine whether a cause of action is '"suggested" by the facts.'" Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).

The motion judge found appellant failed to state a claim for fraud because he did not allege detrimental reliance on "the actions of the [third-part defendants]." The motion judge also concluded the wild assignment to Green tree caused appellant no economic harm. The elements of common law fraud include: "a material misrepresentation of a presently existing or past fact;" "reasonable reliance on by the other person;" and "resulting damages." Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 147 (2015) (quoting Banco Popular No,

Am. v. Gandhi, 184 N.J. 161, 172-73 (2005)). A court may dismiss a pleading alleging fraud if the allegations are not "set forth with specificity," or does not satisfy "as pleaded," the elements of fraud. State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc., 387 N.J. Super. 469, 484-85 (App. Div. 2006) (quoting Levinson v. D'Alfonso & Stein, 320 N.J. Super. 312, 315 (App. Div. 1999)). We discern no error. The common law fraud claim was properly dismissed.

The motion judge held appellant's statute of frauds claim lacked merit. We agree. The Mortgage contained a description of the subject property and other information required by N.J.S.A. 25:1-11(a), satisfying the statute of frauds. As to the "wild" assignment to Green Tree, the assignment, though wild, "was nevertheless reduced to writing" and likewise satisfied the statute of frauds.

The motion judge correctly dismissed appellant's claim of conversion of the Note due to lack of standing. Karen Barel was the sole obligor on the Note; thus, appellant was not an "issuer" of the note. As a non-party to the Note, appellant lacked standing to assert a claim for conversion of the Note. State v. Scott, 229 N.J. 469, 479 (2017); Prager v. Joyce Honda, Inc., 447 N.J. Super. 124 (App. Div. 2016).

The motion judge held appellant failed to plead all of the required elements of a claim for civil racketeering under N.J.S.A. 2C:41-1(d)." The judge found appellant did not allege a "pattern of racketeering activity," which must be based on "[e]ngaging in at least two incidents of racketeering conduct" and a showing that "the incidents of racketeering activity embrace criminal conduct." N.J.S.A. 2C:41-1. Instead, the racketeering claim was based solely on the June 2014 assignment. The judge concluded "[t]his isolated incident is not sufficient to establish a RICO violation" because "at no point does [appellant] argue, with any factual support or specificity, a second unlawful action taken by any of the named [t]hird [p]arty [d]efendants." The judge also found appellant "offered no factual support for claims of unlawful activity" and had "failed to illustrate any planning or coordination among these [t]hird [p]arty [d]efendants to engage in such fraudulent behavior at the expense of the homeowner." The record amply supports these conclusions. Moreover, appellant was not harmed by the wild assignment. A racketeering claim is only cognizable for injury "by reason of a violation of the statute." N.J.S.A. 2C:41-4(c). The racketeering claim was properly dismissed.

Appellant also contends the complaint was time-barred by the six-year statute of limitations governing an action on the promissory note. This argument

13

"is contrary to long settled case law and has no merit." Sec. Nat'l Partners L.P. v. Mahler, 336 N.J. Super. 101, 105 (App. Div. 2000). "[A] foreclosure proceeding is different and distinct from a suit on the underlying note." Ibid. Mortgage foreclosures are governed by N.J.S.A. 2A:50-56.1. Deutsche Bank Tr. Co. Ams. as Tr. for Residential Accredit Loans, Inc. v. Weiner, 456 N.J. Super. 546, 547 (App. Div. 2018). A residential foreclosure action "shall not be commenced following the earliest of" six years after "the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note," N.J.S.A. 2A:50-56.1(a), thirty-six years after the date the mortgage was recorded, N.J.S.A. 2A:50-56.1(b), or twenty years after the date of an uncured default, N.J.S.A. 2A:50-56.1(c). The complaint was filed long before the mortgage and note's maturity date, less than thirty-six years after the mortgage was recorded, and less than twenty years after the payment default. This action was not time-barred.

Appellant argues the trial judge erred in finding plaintiff had standing to foreclose. "Factual findings premised upon evidence admitted in a bench trial 'are binding on appeal when supported by adequate, substantial, credible evidence.'" Potomac Ins. Co. of Ill. ex rel. OneBeacon Ins. Co. v. Pa. Mfrs.' Ass'n Ins., 215 N.J. 409, 421 (2013) (quoting Cesare v. Cesare, 154 N.J. 394,

A-2922-17T1

411-12 (1998)). We will "'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Allstate, 228 N.J. at 619 (quoting Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015)).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Inv'rs Bank v. Torres, 457 N.J. Super. 53 (App. Div. 2018) (quoting Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd o.b., 263 N.J. Super. 542 (App. Div. 1994)). A foreclosure action shall be deemed uncontested if the responsive pleadings "have been stricken" or do not "contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it." R. 4:64-1(c)(2), (3).

"As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). The debt is evidenced by a promissory note, which is a negotiable instrument. N.J.S.A. 12A:3-104. To have standing,

a foreclosing plaintiff must either have possession of the promissory note <u>or</u> an assignment of the mortgage that predates the original complaint. <u>Deutsche Bank Trust Co. Americas v. Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012).

The trial judge found plaintiff possessed the original Note, indorsed in blank, before it filed the foreclosure complaint, making it a "holder of the instrument" under <u>N.J.S.A.</u> 12A:3-301 and <u>N.J.S.A.</u> 12A:3-205(b), and thus had standing to foreclose as the holder of the Note. The trial record fully supports those findings and conclusions. The trial court properly struck appellant's answer and returned the matter to the Office of Foreclosure to proceed as an uncontested matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2922-17T1